UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

IN RE:                                                          CHAPTER 7

THE GATEWAY DEVELOPMENT GROUP, INC.,                            Case No.  21-22304-rdd

                    DEBTOR.

-----------------------------------------------------------------X

HOWARD MAGALIFF, TRUSTEE, and                                   Adv. Proc. 21-07093-rdd
JAMES CARNICELLI, JR.,

                    Plaintiffs,

        vs.

JOHN J. FARERI, JULIE FARERI, and
CHRISTOPHER SHESKIER,

                    Defendants.

-----------------------------------------------------------------X

JOHN J. FARERI,

                    Counterclaim-Plaintiff,

        vs.

JAMES CARNICELLI, JR.

                    Counterclaim Defendant.

-----------------------------------------------------------------X

**DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT**

Defendants John J. Fareri ("Fareri"), Julienne Fareri Zielinski (sued herein as Julie

Fareri", hereafter "Zielinski") and Christopher Sheskier ("Sheskier") (collectively,

"Defendants"), by their undersigned attorneys, as and for their Answer to the claims asserted in

the Second Amended Complaint ("Complaint") [Dkt. 24], filed by Plaintiffs, the Trustee,

Howard Magaliff, on behalf of The Gateway Development Group, Inc. ("Debtor" or "Gateway"),

and James Carnicelli, Jr. ("Carnicelli") (collectively, "Plaintiffs"), respectfully respond as follows:

**Nature of Action[1]**

1.      Defendants deny each and every allegation contained in Paragraph 1 of the Complaint, except admit the procedural allegations in the second sentence thereof.

2.      Defendants deny each and every allegation contained in Paragraph 2 of the Complaint, except admit that Fareri is Debtor's majority shareholder, sole director, and Chairman of Debtor's Board of Directors.

3.      Defendants deny each and every allegation contained in paragraph 3 of the Complaint.

4.      Defendants deny each and every allegation contained in paragraph 4 of the Complaint, except admit that Zielinski served as Gateway's Secretary.

5.      Defendants deny each and every allegation contained in paragraph 5 of the Complaint, except admit that Carnicelli brought an action, and that the Trustee is presently pursuing the alleged derivative claims on behalf of the Debtor.

6.      Defendants deny each and every allegation contained in paragraph 6 of the Complaint, except deny knowledge or information sufficient to form a belief as to the motives behind Carnicelli's actions in this case, and admit that certain previously asserted claims have been deleted from the Complaint.

---

[1]      The headings are those used in the Complaint and are repeated here for the Court's convenience. To the extent that the preamble and headings in the Second Amended Complaint are intended to constitute allegations of the Complaint, they are denied by Defendants.

## The Parties

7.      Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, Defendants have insufficient knowledge to form a belief as to the truth of those allegations and leave Plaintiffs to their proof.

8.      Defendants deny each and every allegation contained in paragraph 8 of the Complaint except admit that Plaintiff Carnicelli is an individual who resides in the State of New York.

9.      Defendants admit that Defendant Fareri is an individual, a resident of the State of Connecticut, and is Gateway's sole director, chairman of its Board of Directors, vice president, and majority shareholder.

10.      Defendants admit that Defendant Zielinski is an individual, Fareri's daughter, Gateway's secretary, and a resident of the State of Connecticut.

11.      Defendants deny each and every allegation contained in paragraph 11 of the Complaint, except admit that Sheskier is an individual, a CPA, a resident of the state of New York and has performed bookkeeping services on behalf of Gateway at the request of Fareri.

## Jurisdiction and Venue

12.      Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, Defendants have insufficient knowledge to form a belief as to the truth of those allegations and leave Plaintiffs to their proof.

13.      Defendants admit the allegations contained in the first sentence of paragraph 13 of the Complaint and assert that no responsive pleading is required for the second sentence thereof.

14.      Admitted.

# BACKGROUND FACTS

## *General Corporate Matters*

15. Fareri and Zielinski deny each and every allegation contained in paragraph 15 of the Complaint, except admit that Fareri formed Gateway in or about 2006, from which time forward Gateway provided some construction services for other entities, including entities owned by Fareri or in which he had an interest ("Fareri Project Entities"). Sheskier denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and leaves Plaintiffs to their proof.

16. Defendants deny each and every allegation contained in Paragraph 16 of the Complaint and respectfully refer the Court to the Shareholders' Agreement referred to therein for its terms.

17. Defendants deny each and every allegation contained in paragraph 17 of the Complaint and respectfully refer the Court to the Shareholders' Agreement referred to therein for its terms.

18. Defendants deny each and every allegation contained in paragraph 18 of the Complaint and respectfully refer the Court to the Shareholders' Agreement referred to therein for its terms.

19. Defendant Fareri denies each and every allegation contained in paragraph 19 of the Complaint and respectfully refers the Court to the Shareholders' Agreement which is characterized in the first sentence thereof; and defendants Zielinski and Sheskier deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and leave Plaintiffs to their proof.

20.     Fareri denies each and every allegation contained in paragraph 20 of the Complaint and respectfully refers the Court to the Shareholders' Agreement referred to therein for its terms; Fareri affirmatively avers that Carnicelli paid no consideration for his shares in Gateway; and defendants Zielinski and Sheskier deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and leave Plaintiffs to their proof.

21.     Fareri denies each and every allegation contained in paragraph 21 of the Complaint and respectfully refers the Court to the Shareholders' Agreement referred to therein for its terms; and Zielinski and Sheskier have insufficient knowledge to form a belief as to the truth of the allegations in paragraph 21, and leave Plaintiffs to their proof.

22.     Fareri denies each and every allegation contained in paragraph 22 of the Complaint; and Zielinski and Sheskier have insufficient knowledge to form a belief as to the truth of the allegations in paragraph 22, and leave Plaintiffs to their proof

23.     Fareri denies each and every allegation contained in paragraph 23 of the Complaint; and Zielinski and Sheskier have insufficient knowledge to form a belief as to the truth of the allegations in paragraph 23, and leave Plaintiffs to their proof.

24.     Fareri denies each and every allegation contained in paragraph 24 of the Complaint; and Zielinski and Sheskier have insufficient knowledge to form a belief as to the truth of the allegations in paragraph 23, and leave Plaintiffs to their proof.

25.     Fareri denies each and every allegation contained in paragraph 25 of the Complaint and respectfully refers the Court the Shareholders' Agreement; and defendants Zielinski and Sheskier deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and leave Plaintiffs to their proof.

26.     Defendants deny each and every allegation contained in paragraph 26 of the Complaint and respectfully refer the Court to the Shareholders' Agreement for its terms.

27.     Defendants deny each and every allegation contained in paragraph 27 of the Complaint and respectfully refer the Court to the Shareholders' Agreement for its terms.

*Diversion of Company Profits*

28.     Defendants deny each and every allegation contained in paragraph 28 of the Complaint, except admit that while Carnicelli was President, he took an active role in managing Gateway.

29.     Defendants deny each and every allegation contained in paragraph 29 of the Complaint, except admit so much as alleges that "a written agreement memorialized the terms of the … engagement" between Debtor and Kensington and aver that Carnicelli executed that written agreement on behalf of Gateway.

30.     Fareri denies each and every allegation contained in paragraph 30 of the Complaint; and Zielinski and Sheskier deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and leave Plaintiffs to their proof.

31.     Fareri denies each and every allegation contained in paragraph 31 of the Complaint; Zielinski and Sheskier deny knowledge or information sufficient to form a belief as to the truth of the allegations int eh first and second sentences thereof; except Defendants admit that Plaintiff Carnicelli prosecuted an arbitration derivatively on behalf of Gateway which resulted in an award in favor of Gateway and against Kensington.

32.     Fareri denies each and every allegation contained in paragraph 32 of the Complaint; and Zielinski and Sheskier have insufficient knowledge to form a belief as to the truth of the allegations in paragraph 32 and leave Plaintiffs to their proof.

33.     Defendants Fareri and Sheskier deny each and every allegation contained in paragraph 33 of the Complaint; and Zielinski denies knowledge of information sufficient knowledge to form a belief as to the truth of the allegations in paragraph 33 and leaves Plaintiffs to their proof.

34.     Fareri denies each and every allegation contained in paragraph 34 of the Complaint; and Zielinski and Sheskier have insufficient knowledge to form a belief as to the truth of the allegations in paragraph 34 and leave Plaintiffs to their proof.

35.     Fareri denies each and every allegation contained in paragraph 35 of the Complaint; and Zielinski and Sheskier have insufficient knowledge to form a belief as to the truth of the allegations in paragraph 35 and leave Plaintiffs to their proof.

*Mr. Fareri Purports to Suspend the Company's Operations and Fire Mr. Carnicelli*

36.     Fareri denies each and every allegation contained in paragraph 36 of the Complaint; and Zielinski and Sheskier have insufficient knowledge to form a belief as to the truth of the allegations in paragraph 36, and leave Plaintiffs to their proof.

37.     Fareri and Fareri Zielinski deny each and every allegation contained in paragraph 37 of the Complaint; and Sheskier has insufficient knowledge to form a belief as to the truth of the allegations in paragraph 37, and leaves Plaintiffs to their proof.

38.     Defendants deny each and every allegation contained in paragraph 38 of the Complaint, except admit that Zielinski sent the communication referred to therein and respectfully refer the Court to the written communication referred to therein for its contents.

39.     Fareri and Zielinski deny each and every allegation contained in paragraph 39 of the Complaint; Sheskier denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and leaves Plaintiffs to their proof.

40.     Fareri and Zielinski deny each and every allegation contained in paragraph 40 of the Complaint; Sheskier denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and leaves Plaintiffs to their proof.

41.     Fareri and Sheskier deny each and every allegation contained in paragraph 41 of the Complaint; Zielinski denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and leaves Plaintiffs to their proof.

42.     Fareri denies each and every allegation contained in paragraph 42 of the Complaint; Zielinski and Sheskier deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and leave Plaintiffs to their proof.

43.     Defendants deny each and every allegation contained in paragraph 43 of the Complaint, except admit that Zielinski sent the communication referred to therein, and respectfully refer the Court to the communication referred to therein for its terms.

44.     Defendants deny each and every allegation contained in paragraph 44 of the Complaint.

45.     Fareri denies each and every allegation contained in paragraph 45 of the Complaint; Zielinski and Sheskier deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, and leave Plaintiffs to their proof.

46.     Defendants deny each and every allegation contained in paragraph 46 of the Complaint.

*Mr. Fareri and Mr. Sheskier manipulated the Company's*
*financial records and denied Mr. Carnicelli access to tax records*

47.     Fareri and Sheskier deny each and every allegation contained in paragraph 47 of the Complaint; Zielinski denies knowledge or information sufficient knowledge to form a belief as to the truth of the allegations in paragraph 47, and leaves Plaintiffs to their proof.

48.     Sheskier denies each and every allegation contained in paragraph 48 of the Complaint; Fareri and Zielinski deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and leave Plaintiffs to their proof.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Mr. Carnicelli – Breach of Contract as to Mr. Fareri)**

49.     With respect to paragraph 49 of the Complaint, Fareri repeats and realleges each and every responsive pleading set forth above in paragraphs 1-48 of the Answer.

50.     Fareri admits that he signed the Shareholders' Agreement as a shareholder and separately as an authorized officer of Gateway and is thus a party to the Shareholders' Agreement.

51.     Fareri denies each and every allegation contained in paragraph 51 of the Complaint and respectfully refers the Court to the Shareholders' Agreement for its contents.

52.     Fareri denies each and every allegation contained in paragraph 52 of the Complaint to the extent that it purports to paraphrase or to characterize the terms of the Shareholders' Agreement and respectfully refers the Court to the Shareholders' Agreement for its contents.

53.     Fareri denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Fareri denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Fareri denies each and every allegation contained in paragraph 55 of the Complaint.

## SECOND CAUSE OF ACTION
### (Mr. Carnicelli – Violation of Conn. Gen. Stat. § 31-72 as to Mr. Fareri)

56.     With respect to paragraph 56 of the Complaint, Fareri repeats and realleges each and every responsive pleading set forth above in paragraphs 1-48 of the Answer.

57.     Fareri denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Fareri denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Fareri denies each and every allegation contained in paragraph 59 of the Complaint.

## THIRD CAUSE OF ACTION
### (Mr. Carnicelli – Breach of the Covenant of
### Good Faith and Fair Dealing as to Mr. Fareri)

60.     With respect to paragraph 60 of the Complaint, Fareri repeats and realleges each and every responsive pleading set forth above in paragraphs 1-48 of the Answer.

61.     Fareri admits that he signed the Shareholders' Agreement as a shareholder and separately as an authorized officer of Gateway and is thus a party to the Shareholder's Agreement.

62.     Fareri denies each and every allegation contained in paragraph 62 of the Complaint.

63. Fareri denies each and every allegation contained in paragraph 63 of the Complaint.

64. Fareri denies each and every allegation contained in paragraph 64 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Mr. Carnicelli – Fraud as to Mr. Fareri)

65. With respect to paragraph 65 of the Complaint, Fareri repeats and realleges each and every responsive pleading set forth above in paragraphs 1-48 of the Answer.

66. Fareri denies each and every allegation contained in paragraph 66 of the Complaint.

67. Fareri denies each and every allegation contained in paragraph 67 of the Complaint.

68. Fareri denies each and every allegation contained in paragraph 68 of the Complaint.

69. Fareri denies each and every allegation contained in paragraph 69 of the Complaint.

70. Fareri denies each and every allegation contained in paragraph 70 of the Complaint.

71. Fareri denies each and every allegation contained in paragraph 71 of the Complaint.

72. Fareri denies each and every allegation contained in paragraph 72 of the Complaint.

## FIFTH CAUSE OF ACTION
### (Mr. Carnicelli – Tortious Interference with
### Contractual Relations as to Mr. Fareri)

73. With respect to paragraph 73 of the Complaint, Fareri repeats and realleges each and every responsive pleading set forth above in paragraphs 1-48 of the Answer.

74. Fareri denies each and every allegation contained in paragraph 74 of the Complaint, and respectfully refers the Court to the Shareholders' Agreement for its terms.

75. Fareri admits the allegations in paragraph 75.

76. Fareri denies each and every allegation contained in paragraph 76 of the Complaint.

77. Fareri denies each and every allegation contained in paragraph 77 of the Complaint.

78. Fareri denies each and every allegation contained in paragraph 78 of the Complaint.

79. Fareri denies each and every allegation contained in paragraph 79 of the Complaint.

## SIXTH CAUSE OF ACTION
### (Trustee – Breach of Fiduciary Duty as to Mr. Fareri)

80. With respect to paragraph 80 of the Complaint, Fareri repeats and realleges each and every responsive pleading set forth above in paragraphs 1-48 of the Answer.

81. Fareri denies each and every allegation contained in paragraph 81 of the Complaint, except admits that Fareri is the majority shareholder, and respectfully declines to plead as to the allegations which purport to be statements of law.

82.     Fareri denies each and every allegation contained in paragraph 82 of the Complaint, except admits that he is a director, and respectfully declines to plead as to the allegations which purport to be statements of law.

83.     Fareri denies each and every allegation contained in paragraph 83 of the Complaint, except admits the he is an officer of Gateway, and respectfully declines to plead as to the allegations which purport to be statements of law.

84.     Fareri denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Fareri denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Fareri denies each and every allegation contained in paragraph 86 of the Complaint.

## SEVENTH CAUSE OF ACTION
### (Trustee – Breach of Fiduciary Duty as to Ms. Fareri)

87.     With respect to paragraph 87 of the Complaint, Zielinski repeats and realleges each and every responsive pleading set forth above in paragraphs 1-48 of the Answer.

88.     Zielinski denies each and every allegation contained in paragraph 88 of the Complaint, except admits that she was an officer of Gateway, and respectfully declines to plead as to the allegations which purport to be statements of law.

89.     Zielinski denies each and every allegation contained in paragraph 89 of the Complaint

90.     Zielinski denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Zielinski denies each and every allegation contained in paragraph 91 of the Complaint.

## EIGHTH CAUSE OF ACTION
### (Trustee – Breach of Fiduciary Duty as to Mr. Sheskier)

92.     With respect to paragraph 92 of the Complaint, Sheskier repeats and realleges each and every responsive pleading set forth above in paragraphs 1-48 of the Answer.

93.     Sheskier denies each and every allegation contained in paragraph 93 of the Complaint.

94.     Sheskier denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Sheskier denies each and every allegation contained in paragraph 95 of the Complaint.

96.     Sheskier denies each and every allegation contained in paragraph 96 of the Complaint.

## NINTH CAUSE OF ACTION
### (Trustee – Aiding and Abetting Mr. Fareri's
### Breach of Fiduciary Duty as to Ms. Fareri)

97.     With respect to paragraph 97 of the Complaint, Fareri and Zielinski repeat and reallege each and every responsive pleading set forth above in paragraphs 1-48 of the Answer.

98.      Fareri and Zielinski deny each and every allegation contained in paragraph 98 of the Complaint.

99.     Fareri and Zielinski deny each and every allegation contained in paragraph 99 of the Complaint.

## TENTH CAUSE OF ACTION
### (Trustee – Aiding and Abetting Mr. Fareri's
### Breach of Fiduciary Duty as to Mr. Sheskier)

100.    With respect to paragraph 100 of the Complaint, Fareri and Sheskier repeat and reallege each and every responsive pleading set forth above in paragraphs 1-48 of the Answer.

101.    Fareri and Sheskier deny each and every allegation contained in paragraph 101 of the Complaint.

102.    Fareri and Sheskier deny each and every allegation contained in paragraph 102 of the Complaint.

## ELEVENTH CAUSE OF ACTION
### (Trustee – Statutory Theft Conn. Gen. Stat. § 52-564 as to Mr. Fareri)

103.    With respect to paragraph 103 of the Complaint, Fareri repeats and realleges each and every responsive pleading set forth above in paragraphs 1-48 of the Answer.

104.    Fareri denies each and every allegation contained in paragraph 104 of the Complaint.

105.    Fareri denies each and every allegation contained in paragraph 105 of the Complaint.

106.    Fareri denies each and every allegation contained in paragraph 106 of the Complaint.

107.    Fareri denies each and every allegation contained in paragraph 107 of the Complaint.

## TWELFTH CAUSE OF ACTION
### (Trustee – Conversion of Funds as to Mr. Fareri)

108.    With respect to paragraph 108 of the Complaint, Fareri repeats and realleges each and every responsive pleading set forth above in paragraphs 1-48 of the Answer.

109.     Fareri denies each and every allegation contained in paragraph 109 of the Complaint.

110.     Fareri denies each and every allegation contained in paragraph 110 of the Complaint.

## THIRTEENTH CAUSE OF ACTION
### (Trustee – Violation of the Connecticut
### Unfair Trade Practices Act ("CUTPA") as to Mr. Fareri)

111.     With respect to paragraph 111 of the Complaint, Fareri repeats and realleges each and every responsive pleading set forth above in paragraphs 1-48 of the Answer.

112.     Fareri denies each and every allegation contained in paragraph 112 of the Complaint.

113.     Fareri denies each and every allegation contained in paragraph 113 of the Complaint.

114.     Fareri denies each and every allegation contained in paragraph 114 of the Complaint.

115.     Fareri denies each and every allegation contained in paragraph 115 of the Complaint.

116.     Fareri denies each and every allegation contained in paragraph 116 of the Complaint.

117.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Complaint.

## FOURTEENTH CAUSE OF ACTION
### (Trustee – Violation of CUTPA as to Ms. Fareri)

118.     With respect to paragraph 118 of the Complaint, Zielinski repeats and realleges each and every responsive pleading set forth above in paragraphs 1-48 of the Answer.

16

119.     Zielinski denies each and every allegation contained in paragraph 119 of the Complaint.

120.     Zielinski denies each and every allegation contained in paragraph 120 of the Complaint.

121.     Zielinski denies each and every allegation contained in paragraph 121 of the Complaint.

122.     Zielinski denies each and every allegation contained in paragraph 122 of the Complaint.

123.     Zielinski denies each and every allegation contained in paragraph 123 of the Complaint.

124.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the Complaint.

## FIFTEENTH CAUSE OF ACTION
### (Trustee – Violation of CUTPA as to Mr. Sheskier)

125.     With respect to paragraph 125 of the Complaint, Sheskier repeats and realleges each and every responsive pleading set forth above in paragraphs 1-48 of the Answer.

126.     Sheskier denies each and every allegation contained in paragraph 126 of the Complaint.

127.     Sheskier denies each and every allegation contained in paragraph 127 of the Complaint.

128.     Sheskier denies each and every allegation contained in paragraph 128 of the Complaint.

129.     Sheskier denies each and every allegation contained in paragraph 129 of the Complaint.

130.     Sheskier denies each and every allegation contained in paragraph 130 of the Complaint.

131.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint is barred, in whole or in part, in that it fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

The Complaint is barred, in whole or in part, by the doctrines of waiver, laches, acquiescence, and/or estoppel.

### Third Affirmative Defense

The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### Fourth Affirmative Defense

The Defendants are entitled to a reduction of their liability, if any, as a result of collateral source payments.

### Fifth Affirmative Defense

The Complaint is barred, in whole or in part, by the doctrine of merger.

### Sixth Affirmative Defense

Plaintiff Carnicelli's claims are barred, in whole or in part, by his own negligence and carelessness in that, among other things, he:

(1)  Failed to exercise reasonable care and diligence in the performance of his duties as President of Gateway;

(2) Failed to make reasonable use of his faculties to identify and avoid the alleged acts of one or more of the Defendants that he claims resulted in his injuries; and

(3) Knew or should have known of facts readily ascertainable by him that could have prevented his alleged injuries.

### Seventh Affirmative Defense

The Plaintiffs have failed to mitigate their damages.

### Eighth Affirmative Defense

The Complaint is barred, in whole or in part, by the doctrine of accord and satisfaction.

### Ninth Affirmative Defense

The Complaint is barred, in whole or in part, by the doctrine of *in pari delicto*.

### Tenth Affirmative Defense

Carnicelli lacks standing to assert one or more of the claims asserted in the Complaint.

### Eleventh Affirmative Defense

The Trustee lacks standing to assert one or more of the claims asserted in the Complaint.

### Twelfth Affirmative Defense

The Complaint is barred, in whole or in part, because Plaintiff Carnicelli was (or should have been) at all times relevant aware of the facts and circumstances alleged in the Complaint regarding the nature, operation and conduct of Gateway's business and affairs, and his knowledge is imputed to Gateway and the Trustee.

### Thirteenth Affirmative Defense

The Complaint is barred, in whole or in part, because Defendants at all times acted in good faith, in the exercise of their business judgment, and in reliance on, *inter alia*, the knowledge and advice of Carnicelli as President of Gateway, and circumstances presented by Carnicelli's departure from Gateway and its subsequent inability to provide services previously performed by Carnicelli.

### Fourteenth Affirmative Defense

Some or all of Plaintiffs' claimed damages are barred by the Economic Loss Doctrine.

### Fifteenth Affirmative Defense

The claims against Fareri are barred, in whole or in part, by the Statute of Frauds.

### Sixteenth Affirmative Defense

Plaintiff Carnicelli's claims in this case are barred because he has engaged in inequitable, unscrupulous, and unconscionable behavior as to the subject matter of this litigation in his roles as both president and a shareholder of Gateway, and he comes to the Court with unclean hands.

### Seventeenth Affirmative Defense

If either Plaintiff relied on any statement or misrepresentation allegedly made to him or it by Defendant Fareri, (a) such reliance was not reasonable or justified, (b) such reliance was not unequivocally referable to any purported oral agreement, and (c) neither Plaintiff was damaged or injured by reason of such reliance.

### Eighteenth Affirmative Defense

To the extent that Defendant Fareri is deemed an employer or an agent of Gateway for purposes of alleged actions taken with respect to Carnicelli's employment and/or wages, and if it is determined that Carnicelli was not paid all wages as required by Conn. Gen. Stat. § 31-72, which Fareri expressly denies, Fareri and Gateway at all times relevant had a good faith belief that Fareri's actions were lawful, that Carnicelli voluntarily resigned his position, that Carnicelli was paid for all work he had performed for Gateway, and any alleged failure to pay wages was in compliance with applicable law.

### Nineteenth Affirmative Defense

The claims asserted against Defendant Sheskier are barred in whole or in part in that Sheskier was not an officer of Gateway, was not held out by Gateway as its officer, and had no special relationship directly with the Debtor.

### Twentieth Affirmative Defense

The Complaint is barred, in whole or in part, because neither Plaintiff was nor could be entitled to receive profits generated by the activities of any Fareri Project Entity. Plaintiff Gateway

was only entitled to receive those revenues for which it had contracted; and Plaintiff Carnicelli was only entitled to receive his share of Gateway's profits. Under the Shareholders' Agreement, Carnicelli was responsible for, among other things, preparing budgets in order to allow Gateway to "achieve [its] profitability objectives."

<strong>Twenty-First Affirmative Defense</strong>

Carnicelli's claims are barred, in whole or in part, because to the extent the Shareholders' Agreement purported to bestow upon Carnicelli 98 shares of stock in Gateway, which shares had been owned by Fareri and constituted a 49% ownership interest in Gateway, any agreement by Fareri to transfer any of his shares in Gateway to Carnicelli was void for failure of consideration, in that Carnicelli paid no consideration for the shares he received, and Fareri received no consideration for his grant of shares that were allegedly bestowed on Carnicelli.

<strong>Twenty-Second Affirmative Defense</strong>

The Complaint is barred, in whole or in part, to the extent the Shareholders' Agreement was predicated on Carnicelli's past performance, in that Carnicelli alleges that he was granted the stock "to recognize and reward" for his "valued service" to Gateway, and past performance is insufficient consideration to support a new promise under Connecticut law.

<strong>Twenty-Third Affirmative Defense</strong>

The Complaint is barred, in whole or in part, and to the extent the Shareholders' Agreement provides that Carnicelli's employment could not be terminated and his position and duties could not be altered, as such an agreement is invalid, unenforceable, and void as against public policy because and to the extent it impermissibly restricts the powers and duties of Gateway and its board of directors in the exercise of their non-delegable duty to manage, supervise and control Gateway's business and affairs, to respond to changed circumstances and to implement necessary changes in corporate policy.

## Twenty-Fourth Affirmative Defense

The Complaint should be dismissed, in whole or in part, because at all times relevant after the execution and effectiveness of the Shareholders' Agreement, Carnicelli knew or should have known (a) that Fareri was Gateway's sole director; (b) that Fareri had a material ownership interest in the Fareri Project Entities; (c) the condition of Gateway's finances, labor and other costs, budget, and profit objectives; and (d) the financial and other terms of the agreements Gateway had entered into and would enter into with each Fareri Project Entity.

## Reservation of Rights

Defendants reserve the right to assert additional defenses as they become known.

## FARERI'S COUNTERCLAIM

1.      Defendant-Counterclaim-Plaintiff John J. Fareri ("Fareri") is a resident of the state of Connecticut; he is the sole director of the debtor, Gateway Development Group, Inc. ("Gateway"), and the majority shareholder of Gateway, holding 51% of its shares.

2.      Plaintiff-Counterclaim Defendant James Carnicelli, Jr. ("Carnicelli") is a resident of the State of New York.

3.      Carnicelli was employed by Gateway from in or about 2006 until his voluntary resignation in October 2019.

4.      Fareri, Carnicelli, and Gateway entered into a Shareholders' Agreement effective as of January 1, 2014.

5.      By virtue of that Shareholders' Agreement, Carnicelli acquired 98 shares, or 49%, of Gateway's shares, for which he paid no consideration.

6.      By virtue of that Shareholders' Agreement, Carnicelli was employed as Gateway's President. Prior to the execution of the Shareholders' Agreement, Carnicelli had been employed by Gateway as its vice president and was or should have been fully familiar with the nature of Gateway's business and the terms of its contracts, agreements, and arrangements with the Fareri Project Entities.

7.      As Gateway's President, Carnicelli owed Gateway fiduciary duties of care and loyalty.

8.      Paragraph 5.1(d) of the Shareholders' Agreement enumerated certain of Carnicelli's duties as President of Gateway, including that he would, or was responsible for, among other things:

        iii.      Be engaged in, and often times, lead client and project pursuit efforts;

  iv.  Provide oversight in managing all necessary resources throughout the entire project from start-up through closeout and ensure that the owner's expectations, budgetary and profitability objectives are exceeded.

***

  vi.  Prepares budgets that will achieve profitability objectives while taking into account project-specific challenges.

  vii.  Provide leadership and business judgment on all financial and profitability aspects of projects within position scope

***

  x.  Participate in, and at times, lead the estimating/budgeting process for competitive proposals.

***

  xii.  Responsible for ensuring projects achieve budget and profitability objectives.

***

  xiv.  Accurately forecast project financial performance.

9.  At all times relevant prior to the execution and effectiveness of the Shareholders' Agreement, Carnicelli was familiar with and knowledgeable of Gateway's business, including the performance of construction and construction management services for projects that were owned by the Fareri Project Entities.

10.  At all times relevant after the execution and effectiveness of the Shareholders' Agreement, Carnicelli was charged with the duties of President, including those duties enumerated in the Shareholders' Agreement and especially those set forth in paragraph 8 above.

11.  At all times relevant after the execution and effectiveness of the Shareholders' Agreement, Carnicelli was responsible for negotiating, and he did negotiate, the terms of the construction and construction management agreements Gateway executed and entered into with the Fareri Project Entities.

12. If Gateway failed to negotiate, charge, or collect an appropriate fee or compensation for the services it rendered or performed, or which it was to render or perform, for any Fareri Project Entity, then Carnicelli was solely responsible therefor and for any associated breach of duty.

13. If Gateway failed to generate or collect sufficient funds with which to make a profit that could be distributed to its shareholders, Carnicelli was solely responsible therefor.

14. If Fareri transferred the right or ability to perform construction or construction management services that had been performed or might have been performed by Gateway to another person or entity, it was only after (a) Carnicelli had determined to depart his employment at and with Gateway, to compete with Gateway for such work (including with respect to the "Goshen" project), and to render Gateway unable to perform such services, and (b) full disclosure of all material facts concerning any such business opportunity were disclosed to and known by all of Gateway's directors and officers.

15. In 2019, Carnicelli decided to depart Gateway's employ and he considered working as an independent contractor. At that time Gateway was deprived of a senior officer able to perform the services previously performed by Carnicelli, and Fareri had no obligation to first present any business opportunity to Gateway.

### Count One
### (Fareri - Common-law Indemnity Against Carnicelli)

16. Fareri repeats and realleges each and every allegation alleged in paragraphs 1 through 132 of Defendants' Answer, and paragraphs 1 through 16 above, as though fully set forth at length hereat.

17. If and in the event that Fareri is held liable to the Trustee for any damages or injuries Gateway sustained by reason of its failure to negotiate, charge, or collect an appropriate fee or compensation for the services it rendered to or for any Fareri Project Entity, such damages or

injuries were directly and immediately caused by the exclusive actions, inactions, omissions, negligence, carelessness, recklessness, breach of contract, and/or breach of duty by Carnicelli, there being no active or primary wrongdoing on the part of Fareri contributing thereto.

18.     By reason of the foregoing, and by reason of the allegations asserted by the Trustee in the Second Amended Complaint, Carnicelli breached the terms of the Shareholders' Agreement and his obligations to Gateway as its President.

19.     At all times relevant after the execution and effectiveness of the Shareholders' Agreement, Carnicelli knew or should have known (a) that Fareri was Gateway's sole director; (b) that Fareri had a material ownership interest in the Project Entities; (c) the financial condition, labor and other costs, budget and profit objectives of Gateway; and (c) the financial and other terms of Gateway's agreements with each respective Fareri Project Entity.

20.     At all times relevant, Carnicelli, the President and only other shareholder of Gateway, was fully informed as to Fareri's interest in the Fareri Project Entities and otherwise knew or had access to any and all information necessary or appropriate to make an informed decision on behalf of Gateway regarding the propriety and fairness of each such contract or agreement between Gateway and a Fareri Project Entity.

21.     With such knowledge, and by his conduct, Carnicelli affirmed that the terms of each such contract or agreement between Gateway and a Fareri Project Entity were fair to Gateway, and he ratified and approved each such contract or agreement.

22.     By reason of the foregoing, Fareri is entitled to common law indemnification from, and for judgment over and against Carnicelli, for the full amount of any verdict or judgment entered against Fareri.

**WHEREFORE**, Defendants request the entry of Judgment:

A.  Dismissing the Second Amended Complaint in its entirety;

B.  Declaring that Fareri is entitled to indemnification from Carnicelli on his First Counterclaim;

C.  Awarding Fareri compensatory damages in an amount as shall be proven at trial, together with his attorneys' fees and interest; and

D.  Granting Defendants such other and further relief as this Court may deem just and proper.

Dated: April 12, 2022

**BENOWICH LAW, LLP**

By: *Leonard Benowich*
Leonard Benowich
1025 Westchester Avenue
White Plains, NY 10604
(914) 946-2400
leonard@benowichlaw.com
**Attorneys for Defendants John J. Fareri, Julie Fareri, and Christopher Sheskier**

**FORD HARRISON LLP**

By: *Johanna G. Zelman*
Johanna G. Zelman
Elizabeth M. Smith
185 Asylum Street – Suite 610
Hartford, CT 06103
(860) 740-1361
jzelman@fordharrison.com
esmith@fordharrison.com
**Attorneys for Defendant John J. Fareri**

## CERTIFICATE OF SERVICE

This is to certify that on this 12th day of April, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties or record by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_/s/ Johanna G. Zelman_
Johanna G. Zelman