# Pastore

Joseph M. Pastore III, Esq.
Chairman

Pastore LLC
420 Lexington Ave, 3rd Floor
New York, NY 10170
845.667.5711 tel
646.661.4322 fax
jpastore@pastore.net

May 2, 2022

**Via ECF and Email**
Honorable Robert D. Drain
United States Bankruptcy Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    **In re: Gateway Development Group, Inc. Adversarial Action**
             **Case No. 21-7093-rdd, Magaliff, Howard et al v. Sheskier, Christopher, et al.**

Honorable Judge:

    As you know, we represent James Carnicelli, Jr. ("Mr. Carnicelli"), a creditor in the above-referenced adversary proceeding. I write to request a conference with the Court to discuss and hopefully resolve a discovery dispute that has arisen in the above-referenced action. Although the parties have made much progress in settlement discussions, I am concerned that if this issue is not resolved promptly it will derail those efforts. In fact, since the Kensington confirmation hearing is set for June 6, 2022, we were hopeful that both the Kensington bankruptcy and the Development bankruptcy could be resolved by then.[1]

---

[1] On April 4, 2022, Plaintiffs served their First Requests for the Production of Documents ("Requests") upon Defendant John Fareri. The Requests called for the production of documents on May 4, 2022. On April 26, 2022, in contemplation of the upcoming date for production, and anticipating that Defendants might pose objections to the Requests, I sent a letter to Leonard Benowich, Esq. ("Mr. Benowich") and Joanna Zelman, Esq. requesting that a meet and confer be scheduled to discuss the Requests. Immediately thereafter, by letter dated April 27, 2022, Mr. Benowich, objected to such a meeting on the ground that the Requests and our request to meet and confer both were premature because the parties have not participated in a Rule 26(f) conference and the "pleadings are not closed". By letter dated April 29, 2022, I responded to Mr. Benowich that we disagreed with his position but that we would agree to a combined Rule 26(f) conference and meet and confer next week.

    As the Court knows, the above-referenced Adversarial Proceeding was originally filed in Connecticut Superior Court (the "Connecticut Action") before it was removed to the Southern District of New York Bankruptcy Court. In the Connecticut Action, the discovery process had already begun. Indeed, the case was removed on the very eve of the deadline for Mr. Fareri to produce documents. Given this context, we strongly believe that moving forward with discovery is entirely appropriate. Furthermore, Mr. Fareri was in possession of the Requests for more than three weeks before I sent my letter and had ample time to raise concerns about the timing of discovery. Waiting until one week before discovery was presumed to be due, and only raising procedural issues in response to our request for a meet and confer, smacks of dilatory intent.

    We are aware of no requirement that discovery wait until the pleadings have closed. There is also no requirement that a meet and confer await the service of objections or the completion of the Rule 26(f) conference.

The discovery at issue involves two types of issues:

First, the insider claims in the Development bankruptcy filed by Fareri entities that we believe are dubious and were filed to dilute the money available to Development and Mr. Carnicelli, the only one real material creditor and equity holder, in part, resulting from the Gateway Kensington, LLC arbitration (the "Kensington Arbitration). As just one example, the claim of the Fareri related entity "Old Track" was first raised five years after the project was completed, and involves whether Fareri was aware of change orders that increased the final construction price.[2]

The second issue involves a claim involving a then future claim (some work has now begun) for an approximately $1.5 billion project known as and by North 60. Most significantly, Mr. Carnicelli built virtually every project (through Development) Mr. Fareri was involved in for the approximately 14-year period that he worked for him. Mr. Carnicelli and Development were working on this project at the time Mr. Carnicelli was locked out of Development. Accordingly, the likelihood that Development would not have continued with this project absent Mr. Carnicelli asserting his rights is miniscule.

The discovery sought could be accomplished quickly and within the time period to still allow a settlement. So, were Mr. Carnicelli's attorneys be given the documentation

---

The Advisory Committee Notes to the 2015 Amendment to Rule 26 specifically provide that the purpose of the amendment to Rule 26(f) is so there can be early discussion of requests and contemplated objections:

> Rule 26(d)(2) is added to allow a party to deliver Rule 34 requests to another party more than 21 days after that party has been served even though the parties have not yet had a required Rule 26(f) conference. Delivery may be made by any party to the party that has been served, and by that party to any plaintiff and any other party that has been served. Delivery does not count as service; the requests are considered to be served at the first Rule 26(f) conference. Under Rule 34(b)(2)(A) the time to respond runs from service. **This relaxation of the discovery moratorium is designed to facilitate focused discussion during the Rule 26(f) conference. Discussion at the conference may produce changes in the requests. The opportunity for advance scrutiny of requests** delivered before the Rule 26(f) conference should not affect a decision whether to allow additional time to respond.

[2] Not only do we believe that there will be irrefutable third party documentation such as architectural "as built plans", which establish there were change orders that increased the price, but Mr. Fareri's own CFO acknowledged that there were, at the very least, change orders that may not have documented, and that he was conducting an "analysis" to determine Fareri's position: "*We acknowledge that there are some change orders that are in [Old Track Project costs] that should have been reflected, but based on our review of the records, we cannot determine what... by the time we were filing this, we did not know the answer and we still do not know.* [sic]"And, before the Kensington Arbitration started, Mr. Sheskier prepared a document at Mr. Fareri's request, which was personally given to Mr. Carnicelli by Mr. Fareri. The document not only showed no costs in excess of the agreed upon price, but Mr. Fareri acknowledged that Development and Mr. Carnicelli were still owed Construction Management fees on that project.

we have requested, we would review it within a week, and then take two depositions the following week, one of Mr. Sheskier and one of Mr. Fareri.

At the end of that process, we believe the parties would reach agreement on a global settlement.

Accordingly, and in the interest of proceeding forward efficiently, we request an immediate conference to discuss and resolve this ongoing discovery dispute.

Very truly yours,

Joseph M. Pastore III

Cc: Mr. James Carnicelli
Irve J. Goldman, Esq.
Howard I. Magaliff, Esq.
Leonard Benowich, Esq.
Joanna Zelman, Esq.
Melissa Rose McClammy, Esq.
Steven Levitt, Esq.
Trevor Gomberg, Esq.
Robert L. Rattet, Esq.
James B. Glucksman, Esq.
Erica Aisner, Esq.
U.S. Bankruptcy Trustee