UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:

THE GATEWAY DEVELOPMENT
GROUP, INC.,

                     Debtor.

Chapter 11
Case No. 21-22304 (RDD)

---------------------------------------------------------------x
HOWARD MAGALIFF, TRUSTEE and
JAMES CARNICELLI, JR.,

                     Plaintiffs,

  – against –

JOHN J. FARERI, JULIE FARERI, and
CHRISTOPHER SHESKIER,

                     Defendants.

Adv. Proc. No. 21-07093

---------------------------------------------------------------x

## ORDER ESTABLISHING THE TERMS AND CONDITIONS OF MEDIATION

      Howard P. Magaliff (the "Trustee"), the chapter 7 trustee of The Gateway Development Group, Inc. ("Development") and a plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"); James Carnicelli, Jr. ("Carnicelli"), as 49% shareholder of Development and a plaintiff in the Adversary Proceeding; John J. Fareri ("Fareri"), as 51% shareholder of Development, a defendant in the Adversary Proceeding and the holder of a 99% member interest in Gateway Kensington, LLC; and Julie Fareri ("Julie") and Christopher Sheskier ("Sheskier"), defendants in the Adversary Proceeding (the Trustee, Carnicelli, Fareri, Julie and Sheskier are each a "Mediation Party" and collectively the "Mediation Parties"), having selected and agreed that the Honorable Robert D. Drain shall be the mediator (the "Mediator") to facilitate confidential negotiations among the Mediation Parties regarding the claims raised in the

{00041221v2 }

above-captioned adversary proceeding and chapter 7 case (the "<u>Mediation</u>"); and the Mediation Parties recognizing that the parameters of the Mediation will be set forth in this order (this "<u>Order</u>") establishing the terms and conditions of the Mediation; and the facilitation of such negotiations by the Mediator under the terms of this Order being in the best interests of the parties in interest; and the Court having jurisdiction to consider and enter this Order, no further notice or a hearing being required, and, after due deliberation, good and sufficient cause appearing, it is hereby **ORDERED** that:

1. The Mediator shall in the exercise of his discretion facilitate the Mediation Parties' negotiation of the Mediation topics; *provided*, that the Mediation Parties are authorized to negotiate among themselves without the Mediator's direct involvement. The Mediator is authorized and empowered to determine the procedures to govern the Mediation in his sole discretion, so long as such procedures are consistent with the terms of this Order in all material respects, including procedures to facilitate negotiations with his direct involvement.

2. The Mediation shall take place on June 6, 2022, starting at 1:00 p.m. unless the Mediator decides to start at an earlier time, and shall end when the Mediation Parties reach a settlement, or the Mediator determines that no settlement is likely. The Mediation Parties and the Mediator may agree to continue the Mediation on another day if no settlement is reached.

3. Unless otherwise directed by the Mediator, each of the Mediation Parties and their counsel shall attend and participate in Mediation sessions. For the avoidance of doubt, nothing in this Order seeks to delegate the ultimate decision-making authority on any potential resolution of the Mediation from a particular Mediation Party to his or her counsel; *provided,*

*however*, that any settlement agreement(s) involving any Mediation Party reached through Mediation shall be subject to the provisions of paragraph 7 hereof6.

4. Additional parties in interest other than the Mediation Parties (the "Additional Parties") may participate voluntarily in the Mediation in response to a request from the Mediator or further order of this Court. The Mediator may request that the Court order any Additional Parties to attend the Mediation, and nothing herein limits any Mediation Party's rights with respect to the ability to make such a request of the Court. The Court's determination of such request will be based on its assessment of whether granting such request will facilitate resolution of the Mediation. In such event, appropriate notice and a hearing shall be provided. All Additional Parties shall become subject to all of the provisions of this Order.

5. The Mediator shall have no obligation to make written comments or recommendations. The Mediator shall not be compelled to testify or disclose any information concerning the Mediation in any forum or proceeding, nor shall any Mediation Party, any Additional Party, or any other party in interest: (a) call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions that the Mediator may have about the Mediation Parties, or their respective positions, in the Mediation, (b) subpoena any notes, documents or other materials prepared by the Mediator in connection with the Mediation, or (c) offer any statements, views or opinions of the Mediator in connection with any proceeding, including, without limitation, any pleading or other submission to any court. The Mediation Parties have selected the Mediator with the full understanding that the Mediator also is the judge presiding over the above-captioned chapter 7 case and adversary proceeding as well as the Gateway Kensington chapter 11 case; neither their selection of the Mediator nor the Mediator's conduct of the Mediation shall serve as a basis for any of

<u>the them to seek to recuse, or support the recusal of, the Mediator as the judge presiding over the above-captioned chapter 7 case and adversary proceeding or the Gateway Kensington chapter 11 case.</u>

6. Except as provided in this Order, (a) no party shall be bound by anything said or done during the Mediation unless a Mediation Party voluntarily agrees to be so bound by a written and signed stipulation submitted to the Mediator and the Mediation Parties, and (b) the results of the Mediation are non-binding unless the Mediation Parties that agree to be so bound otherwise agree; *provided however*, that any settlement agreement(s) reached through Mediation reduced to writing and signed shall be as binding against each signatory as resolutions reached through litigation, subject to any necessary Court approval.

7. All communications made by and all submissions prepared by a Mediation Party in connection with the Mediation, including but not limited to: (a) discussions among any of the Mediation Parties during the course of the Mediation, including discussions with or in the presence of the Mediator, (b) Mediation statements and any other documents or information provided to the Mediator or the Mediation Parties in the course of the Mediation, and (c) all correspondence, settlement proposals, counterproposals, term sheets, and offers of compromise produced for, as a result of, or in connection with the Mediation (collectively, the "<u>Settlement Proposals</u>") shall remain confidential and shall not be made available to the public or considered a part of the Court record; *provided however*, that (i) the party making any such Settlement Proposal may agree to the disclosure of such Settlement Proposal pursuant to a confidentiality agreement or otherwise, and (ii) nothing in this Order limits the ability of any Mediation Party to speak publicly (whether through court pleadings, court statements or otherwise) regarding issues

in this case/adversary proceeding; *provided*, that doing so does not disclose confidential Mediation exchanges, data or discussions regarding Settlement Proposals or responses thereto. The materials and information described in each of the foregoing clauses (a) through (c), unless authorized to be disclosed by the Mediation Party providing such materials and information: (i) shall be protected from disclosure (and shall not be disclosed) to any other Mediation Party or to any other person or party who is not a Mediation Party (including holders of claims for which the Mediation Party is acting in a representative, agent or trustee capacity to the extent such holders are not themselves Mediation Parties) except in accordance with this Order or an applicable confidentiality agreement, (ii) shall not (to the fullest extent contemplated by Federal Rule of Evidence 502(d) and Applicable Rules Governing ADR (defined below)) constitute a waiver of any existing privileges and immunities, (iii) shall not be used for any purpose other than the Mediation, (iv) shall be subject to protection under Rules 408 and 502(d) of the Federal Rules of Evidence and any equivalent or comparable state law, other federal law or Federal Rule, Local Rule or Federal Appellate Rule (collectively, "Applicable Rules Governing ADR"), or any common law mediation privilege, and (v) except for the sole purpose of enforcing in the Court a settlement agreement reached in this Mediation, shall not be admissible for any purpose in any judicial or administrative proceeding unless they otherwise have become, or become, public without any breach of this Order.

8. The Mediation Parties and their counsel and advisors shall not in any way disclose to any non-Mediation Party or to any court, including, without limitation, in any pleading or other submission to any court, any such discussion, mediation statement, other document or information, correspondence, resolution, or Settlement Proposal that may be made or provided in connection with the Mediation; *provided, however*, that nothing in this Order shall prevent a

Mediation Party from sharing with the Mediator, and thereafter disclosing, to the extent not prohibited by a separate confidentiality agreement, any draft pleadings, any potential legal arguments such Mediation Party may raise in this case, reports of its own experts, any document produced or obtained in discovery, any information that is, was, or becomes available to a Mediation Party outside of the Mediation, such Mediation Party's own work product or materials, or other pleadings filed or to be filed by such Mediation Party with a court of competent jurisdiction.

9. Notwithstanding anything in this Order to the contrary, nothing in this Order shall prevent a Mediation Party from disclosing information revealed during the Mediation to the extent such disclosure is required, or as may be required or requested, by a governmental or regulatory entity with oversight or other authority over such Mediation Party, that is within the oversight or other authority of such governmental or regulatory entity, or required by statute or court order or other legal or regulatory requirements applicable to such Mediation Party; *provided, however*, that if such Mediation Party is requested or required to disclose any information to any third party or governmental or regulatory authority, such Mediation Party shall, to the extent not legally prohibited, provide the disclosing party with prompt written notice of such requirement prior to any disclosure and shall furnish only that portion of such information or take only such action as is legally required.

10. Any Mediation Party may provide documents and/or information to the Mediator and other Mediation Parties as part of the conduct of the Mediation that are subject to a privilege or other protection from discovery, including the attorney-client privilege, the work product doctrine, or any other privilege, right, or immunity the Mediation Parties may be entitled to claim or invoke (the "<u>Privileged Information</u>"). By providing the Privileged Information to the Mediator or by consenting to the Mediator providing such Privileged Information to another

Mediation Party in the context of the Mediation, no Mediation Party or its respective professionals intends to waive, in whole or in part, the attorney-client privilege, the work-product doctrine, or any other privilege, right or immunity that such Mediation Party may be entitled to claim or invoke with respect to any Privileged Information or otherwise, and the mere provision of such information in accordance with this paragraph shall not be deemed determinative of any issue of waiver. Any work product, materials, or information shared or produced by a Mediation Party with the Mediator, including Privileged Information, in the context of the Mediation shall be subject to all applicable mediation privileges and Applicable Rules Governing ADR and shall not be shared by the Mediator with any person, including any other Mediation Parties, without the consent of the sharing or producing Mediation Party.

11. Nothing in this Order is intended to, nor shall, waive, release, compromise, or impair in any way whatsoever, any claims or defenses that a party has or may have, whether known or unknown, in connection with or relating to acts or omissions that took place prior to entry of this Order.

12. Nothing in this Order shall operate as a stay of any pending adversary proceeding or contested matter unless agreed by the applicable Mediation Parties.

13. The Mediator and any Court personal, including his judicial clerks, shall be immune from claims arising out of acts or omissions incident to his service as Mediator or their assisting the Mediator in the Mediation. In addition to maintaining the immunity that the Mediator has as judge and the immunity of court employees, including judicial clerks under Federal and common law from liability for any act or omission in connection with the Mediation, the Mediator and any Court personnel, including judicial clerks may not be compelled to testify or

disclose any information concerning the Mediation in any forum or proceeding except as provided in this Order.

14. The Mediation Parties consent to the entry of this Order. By signing below, each Mediation Party expressly agrees that he or she unconditionally waives any right to seek the Mediator's recusal as the judge in this case and the Adversary Proceeding or in the Gateweay Kensington chapter 11 case based on his conducting the Mediation.

15. The Court is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

16. To the extent any part of this Order shall conflict with any Local Rule or General Order governing alternative dispute resolution, the terms and provisions of this Order shall govern.

17. The terms and conditions of this Order are immediately effective and enforceable upon its entry, sufficient cause having been shown.

18. This Agreement may be signed by the Mediation Party or his or her attorney of record in the Adversary Proceeding.

19. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation and enforcement of this Order.

Dated: White Plains, New York
       May 12, 2022                                                      /s/Robert D. Drain
                                                                             Hon. Robert D. Drain
                                                                             United States Bankruptcy Judge

The form of Order is Consented to by:

| | |
|---|---|
| /s/ Howard P. Magaliff<br>Howard P. Magaliff, Trustee | /s/ James Carnicelli<br>James Carnicelli, Jr. |
| /s/ Avery Samet<br>John J. Fareri<br>By counsel: Avery Samet | /s/ Avery Samet<br>Julie Fareri<br>By counsel: Avery Samet |
| /s/ Avery Samet<br>Christopher Sheskier<br>By counsel: Avery Samet | |