# Pastore

Joseph M. Pastore III
Chairman

Pastore LLC
420 Lexington Ave, 3rd Floor
New York, NY 10170
845.667.5711 tel
646.661.4322 fax
Jpastore@pastore.net

September 12, 2022

*VIA EMAIL*
Honorable Sean H. Lane
U.S. Bankruptcy Court
Southern District of N.Y.
300 Quarropas Street
White Plains, New York 10601

      Re:      James Carnicelli, Jr. et al., v. John J. Fareri, et al., Adv. Proc. 21-7093 ("Adversary Proceeding")

Honorable Judge:

      We are co-counsel to James Carnicelli, Jr. ("Mr. Carnicelli"), a plaintiff in this Adversary Proceeding. We write with permission from Chambers to request the Court's assistance with discovery in this matter. We regret the need to involve the Court, but Defendants' purposeful, multi-year avoidance of clear discovery obligations leaves us little choice.

      As Your Honor is aware, the Adversary Proceeding originated in Connecticut State Court on October 28, 2020 (the "Connecticut Action") where Mr. Carnicelli sought remedy for direct claims against Defendant John Fareri ("Mr. Fareri") as well as derivative claims Mr. Carnicelli brought on behalf of Debtor The Gateway Development Group, Inc. ("Development"). By spring of 2021, the parties had agreed to an Electronic Discovery Plan that included (among other things) the names of seven custodians whose files Defendants agreed to search and a list of search terms Defendants would apply to documents from those custodians' files. Counsel had agreed to produce documents by June 4, 2021.

      On May 11, 2021 (after the Award in the Kensington Arbitration was issued), Mr. Carnicelli applied for a preliminary injunction in the Connecticut Action, seeking to secure amounts to which he and Development were entitled. A preliminary injunction hearing was set for May 26, 2021. The morning of the hearing, Mr. Fareri caused Development to file a Notice of Bankruptcy filing, which had the effect of commencing the Development Case and staying all proceedings in the Connecticut Action including the preliminary injunction hearing and production of documents. Connecticut Action, Dkt. No. 133.02.

      On April 4, 2022, Mr. Carnicelli and the Trustee served new document requests (the "Requests") on Mr. Fareri, derivative of the prior requests served in the Connecticut Action. By letter dated April 26, 2022, we suggested a meet and confer in advance of Mr. Fareri's deadline to respond to the Requests of May 4, 2022. On April 27, 2022, less than one week before Mr. Fareri's responses were to come due, Mr. Fareri's counsel told us that no response would be provided because the parties had not participated in a Rule 26(f) conference. On May 2, 2022, we wrote to

Judge Drain seeking clarity on the issue. At around the same time, the parties agreed to engage in a mediation before Judge Drain. Thereafter, a Rule 26(f) conference was held on June 6, 2022 and the parties agreed the responses to the Requests would be provided by July 11, 2022.

The responses Mr. Fareri's counsel delivered on July 11, 2022 (the "Responses") fail to comply with the Federal Rules and are woefully inadequate in numerous respects. Most egregiously, the Responses assert repeatedly that Mr. Fareri has previously produced his emails as well as Development's emails, and that Defendants have previously produced "substantially all of the Debtor's electronic and hard copy documents." In fact, Mr. Fareri had produced **nothing** to Mr. Carnicelli. We immediately advised Mr. Fareri's counsel that we were unaware of the prior production and asked him to identify the documents claimed to have been produced. We followed up repeatedly, in writing, but received no substantive response. We also attempted to schedule a meet and confer but were unsuccessful. Notably, the Responses included Mr. Fareri's agreement to produce certain limited documents that, nearly 60 days later, have not been delivered.

By letter dated August 10, 2022, Mr. Fareri's counsel took the position that documents previously delivered to the Trustee in connection with the Trustee's administration of the Estate satisfied Mr. Fareri's obligation to produce documents to Mr. Carnicelli in this Adversary Proceeding. Counsel did not represent that the terms of the Electronic Discovery Plan from the Connecticut Action had been followed. Counsel did include a list of the search terms applied, which were not those agreed upon in the Electronic Discovery Plan and did not reflect our input.

On September 2, 2022, notably following the Court's addition of a discovery conference to the calendar, Mr. Fareri's counsel advised that they would be delivering an external hard drive containing the Development network drive and "PST files" of certain Development employees (not those listed in the agreed-upon Electronic Discovery Plan). In addition, counsel advised that "the PST of Mr. Fareri's emails with the agreed search terms previously applied" would be produced.

The hard drive we received on September 6, 2022 contains over 500 GB of data reflecting no effort by Mr. Fareri's counsel to filter documents for responsiveness, organize the production in any cognizable manner or compile a privilege log. The documents are not even bates labelled. Further, the "search terms previously applied" seem to relate to those search terms applicable to the Trustee's examination. Even in production, Mr. Fareri continues his efforts to circumvent the discovery process. In light of Mr. Fareri's hardline stance on frustrating discovery, we ask that Your Honor order Mr. Fareri to produce documents responsive to Mr. Carnicelli's requests by no later than September 21, 2022.

Respectfully submitted,

*Joseph M. Pastore*
Joseph M. Pastore III

cc: Counsel of Record