# EXHIBIT 2

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | The Gateway Development Group Inc. |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number | 21-22304(RDD) |

Official Form 410
# Proof of Claim
04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
James Carnicelli Jr.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Davidoff Hutcher & Citron LLP
Name

605 Third Avenue
Number   Street

New York,   NY   10016
City   State   ZIP Code

Contact phone (914) 381-7400

Contact email rlr@dhclegal.com

Where should payments to the creditor be sent? (if different)

James Carnicelli Jr.
Name

14 Dunham Road
Number   Street

Scarsdale   NY   10583
City   State   ZIP Code

Contact phone (914) 906-0123

Contact email carnicellij@icloud.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ - ___ ___ ___ ___ - ___ ___ ___ ___ - ___ ___ ___ ___

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on ___/___/___
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410   Proof of Claim   page 1

6. **Do you have any number you use to identify the debtor?**

   ☑ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. **How much is the claim?** $299,014,189.55_____. Does this amount include interest or other charges?

   ☐ No
   ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   Arbitration award for breach of contract, etc. See attached rider

9. **Is all or part of the claim secured?**

   ☑ No
   ☐ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:** $_____
   **Amount of the claim that is secured:** $_____

   **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:** $_____

   **Annual Interest Rate** (when case was filed) _____%
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**

    ☑ No
    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

11. **Is this claim subject to a right of setoff?**

    ☑ No
    ☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   08/26/2021
                   MM / DD / YYYY

*Signature*

**Print the name of the person who is completing and signing this claim:**

Name: James Carnicelli
First name    Middle name    Last name

Title: Individually

Company: _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 14 Dunham Road
Number    Street
Scarsdale    NY    10583
City    State    ZIP Code

Contact phone: (914) 906-0123    Email: carnicellij@icloud.com

RIDER TO CLAIM OF JAMES CARNICELLI AGAINST THE GATEWAY DEVELOPMENT GROUP, INC.

1) This Proof of Claim dated August 26, 2021 (the "Proof of Claim") shall not be deemed a consent by James Carnicelli ("Mr. Carnicelli") to having any matters relating to any disputed claims heard by the Bankruptcy Court, including, without limitation, any dispute presently before appellate, administrative, regulatory or arbitral forums, any dispute that is subject to an agreement requiring it to be heard before administrative, regulatory or arbitral forums, or any dispute requiring consideration of laws or regulations other than the Bankruptcy Code; nor shall Mr. Carnicelli's submission of this Proof of Claim waive any of his rights to have final orders in non-core matters entered only after de novo review by a district judge, or to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or any other rights, claims, actions, defenses, setoffs or recoupments (whether contingent, unliquidated or otherwise) to which Mr. Carnicelli is or may be entitled under any agreements, in law or equity, all of which rights, claims, actions, defenses, setoffs and recoupments (whether contingent, unliquidated or otherwise) are expressly reserved.

2) Mr. Carnicelli reserves the right to amend this Proof of Claim, and reserves all of his other rights against Debtor, all other parties, persons or entities of any kind whatsoever, including specifically the right to attorney's fees advanced by Mr. Carnicelli for his prosecution of the derivative claims on the Debtor's behalf.

3) The execution or filing of this Proof of Claim shall not be deemed a waiver of any of Mr. Carnicelli's rights to trial by jury or otherwise, nor a consent to jurisdiction of the Bankruptcy Court with respect to any counterclaim or any other claim against Mr. Carnicelli Derivatively on Behalf of The Gateway Development Group, Inc. or Mr. Carnicelli individually or any of his entities, assignees or affiliates by Debtor or any other person or entity of any kind whatsoever. This Proof of Claim does not include any post-petition incurred late charges and unpaid personal property taxes (if any), interest, legal fees and expenses, which may become due and owing from Debtor.

4) Mr. Carnicelli asserts claims as creditor pursuant to 11 U.S.C. §726(a)(1) and (2), together with post-petition interest as allowed by 11 U.S.C. §726(a)(5) (not computed in claim), and as an equity holder under 11 U.S.C. §726(a)(6). With respect to his claims as an equity security holder Mr. Carnicelli asserts that his interests are senior to and superior to those of the other shareholder(s) of the Debtor pursuant to 11 U.S.C. §510(c), as a result of the oppressive and inequitable conduct of Mr. Fareri. This conduct includes but is not limited to: a) his termination as President in violation of applicable written agreements; b) Mr. Fareri's willfully causing Gateway Kensington LLC and other entities for which The Gateway Development Group, Inc. was performing services not to adequately compensate The Gateway Development Group, Inc. for those services; (c) manipulation of the Debtor's financial records and denial to Mr. Carnicelli of his rights to access the Debtor's accounting records in violation of the Debtor's shareholders' agreement. This assertion of rights is by way of example and not limitation and with full reservation of all rights.

5) The charges set forth in the chart below encompass (i) Mr. Carnicelli's claim for 49% of monies awarded from Gateway Kensington LLC ("Kensington"); (ii) Mr. Carnicelli's claim for 49% of monies related to projects other than Kensington; and (iii) Mr. Carnicelli's personal and direct claims against the Debtor for unpaid salary (doubled pursuant to Conn.

Gen. Stat. § 52-564), attorneys' fees incurred in prosecuting claims derivatively on behalf of the Debtor, and destruction of the value of Mr. Carnicelli's 49% interest in the Debtor.
6) The claims made here constitute solely claims against The Gateway Development Group, Inc. and do not in any way waive any claims against any other person or entity including but not limited to John J. Fareri, Julie Fareri or Christopher Sheskier.
7) This Itemized Statement of Additional Charges and Addendum shall be made a part of this Proof of Claim and is hereby incorporated into this Proof of Claim for all purposes.

## ITEMIZED STATEMENT OF MONIES OWED TO MR. CARNICELLI RELATING TO GATEWAY KENSINGTON LLC

| | | |
|---|---|---|
| 1. | Site Prep Labor Balance Due-2016 with regard to Gateway Kensington LLC | $1,571,329.00 |
| 3. | (#2 omitted) Site Prep Work Bonus -2016 Gateway Kensington LLC | $1,250,000.00 |
| 4 | Site Prep Construction Manager's Fee -2016 Gateway Kensington LLC | $1,151,031.00 |
| 5 | Tangible Labor Balance Due-2017 Gateway Kensington LLC | $2,475,812.00 |
| 6 | Tangible Portion Bonus - 2017 Gateway Kensington LLC | $0.00 |
| 7 | Tangible Construction Manager's Fee – 2017 Gateway Kensington LLC | $4,486,983.00 |
| 8 | Tangible Labor Balance Due - 2018 Gateway Kensington LLC | $1,023,247.00 |
| 9 | Tangible Portion Bonus - 2018 Gateway Kensington LLC | $0.00 |
| 10 | Tangible Construction Manager's Fee-2018 Gateway Kensington LLC | $534,394.00 |
| 11 | Tangible Labor Balance Due - 2019 Gateway Kensington LLC | $181,388.00 |
| 12 | Tangible Portion Bonus - 2019 Gateway Kensington LLC | $0.00 |
| 20 | (#13-19 omitted) Tangible Construction Manager's Fee -2019 Gateway Kensington LLC | $43,173.00 |
| | Interest from December 31, 2019 to April 26, 2021 Gateway Kensington LLC | $1,511,449.00 |
| | Running Interest of 9% per annum beginning May 23, 2021 | $95,380.17 (as of June 23, 2021)[1] |
| | SUBTOTAL for charges related to Gateway Kensington LLC | $14,324,186.17 |
| | 49% owed to Mr. Carnicelli[2] | $7,018,851.22 |

Exhibit "1" – Arbitration Award

---

[1] James Carnicelli reserves his right to interest as permitted by 11 U.S.C. §726(a)(5) or other applicable law, through the date of distribution.

[2] Mr. Carnicelli reserves the right to seek to equitably subordinate the distributions to the other shareholder(s) of the Debtor pursuant to 11 U.S.C. §510(c), as a result of the oppressive and inequitable conduct of Mr. Fareri. See Paragraph (4) of rider for more detail.

STATEMENT OF MONIES OWED TO MR. CARNICELLI RELATING TO PROJECTS OTHER THAN GATEWAY KENSINGTON LLC

| | |
|---|---|
| Profits Not Paid to Debtor for Completed Work on Projects Other than Kensington[3] | $17,757,983.00 |
| Profits for Projects Transferred Away from Debtor[4] | $176,000,000.00 |
| Subtotal for Monies Owed for Projects Other than Kensington | $193,757,983.00 |
| Total for Monies Owed for Projects other than Kensington tripled under Conn. Gen. Stat. § 52-564 | $581,273,949.00 |
| 49% owed to Mr. Carnicelli | $284,824,235.00 |

Exhibit "2" – Complaint in Connecticut Action

STATEMENT OF MONIES OWED TO MR. CARNICELLI DIRECTLY FROM THE GATEWAY DEVELOPMENT GROUP, INC.

| | |
|---|---|
| Unpaid Salary | $395,833.33 |
| Unpaid Salary doubled under Conn. Gen. Stat. § 31-72 | $791,666.66 |
| Attorneys' Fees for Prosecuting Connecticut Action | $133,320.50 |
| Attorneys' Fees for Prosecuting Kensington Arbitration | $719,234.42 |
| Amounts due for destruction of Mr. Carnicelli's 49% interest in the value of the Company | $5,526,881.75 |
| TOTAL | $7,171,103.33 |

*See* Exhibit "2"

| | |
|---|---|
| Total Owed to Mr. Carnicelli[5] | $299,014,189.55 |

---

[3] 3030 Westchester Avenue, 415 Greenwich Avenue, Old Track Residential, The Harbor, 1162 East Putnam Avenue, Temple Street, Goshen, Misc. Projects. Claim does not include unliquidated amounts for interest from the date of the obligation, as provided by CPLR §5001(b) or other statutes.

[4] Goshen (balance), North 60, Greenwich Office Park, 585 W Putnam Ave, 500 W Putnam Ave, 240 Greenwich Ave. Claim does not include unliquidated amounts for interest from the date of the obligation, as provided by CPLR §5001(b) or other statutes.

[5] This total does not include certain interest and other charges as outlined in footnotes 1, 3 and 4.