# EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:                                                    Chapter 7
THE GATEWAY DEVELOPMENT GROUP, INC.                       Case No. 21-22304(SHL)
               Debtor.

----------------------------------------------------------------X
JAMES CARNICELLI, Jr., et. al.

               Plaintiffs,                      Adversary Proceeding
                                                No. 21-7093
v.

CHRISTOPHER SHESKIER, et al.

               Defendants

-------------------------------------------------------------X

**PLAINTIFF JAMES CARNICELLI'S INITIAL RULE 26(a) DISCLOSURE STATEMENT**

       Plaintiff James Carnicelli, Jr. ("Mr. Carnicelli") hereby submits the following initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure as applied through Rule 7026 of the Federal Rules of Bankrupcy Procedure. Plaintiff reserves the right to revise, correct, add to, clarify, or supplement his Rule 26(a)(1)(A) disclosures.

   **A. Rule 26(a)(1)(A)(i) Disclosures: Identities of Individuals Likely to Have Knowledge of Discoverable information**

       Plaintiff is presently aware of the following individuals likely to have discoverable information that he may use to support his claims. Plaintiff also reserves the right to call as a witness any individual identified by any other party or in documents produced in discovery, to call witnesses to impeach other parties and their witnesses, and upon further investigation, to identify additional individuals.

Plaintiff hereby provides the name and, if known, address and telephone number of each individual likely to have discoverable information that Plaintiff may use to support his claims or defenses, as well as a description of the subject of this information.

1. James Carnicelli, Jr.
   c/o counsel

   Subjects may include the The Gateway Development Group, Inc. ("Development") Shareholders' Agreement; Mr. Carnicelli's service as President of Development and his wrongful removal as President; the relationship between Mr. Carnicelli and John Fareri ("Mr. Fareri"), including Mr. Fareri's representations regarding Mr. Carnicelli's role at Development, his compensation, and his rights and privileges as a shareholder; Mr. Fareri's breach of his fiduciary duty to Development and related fraud; Development's operations, including various Projects (as defined and described in the Second Amended Complaint) and the transfer thereof; and Development's compensation and fees.

2. John Fareri
   c/o counsel

   Subjects may include the The Gateway Development Group, Inc. ("Development") Shareholders' Agreement; Mr. Carnicelli's service as President of Development and his wrongful removal as President; the relationship between Mr. Carnicelli and John Fareri ("Mr. Fareri"), including Mr. Fareri's representations regarding Mr. Carnicelli's role at Development, his compensation, and his rights and privileges as a shareholder; Mr. Fareri's breach of his fiduciary duty to Development and related fraud; Development's operations, including various Projects (as defined and described in the Second Amended Complaint) and the transfer thereof; Development's compensation and fees; and the suspension of Development's operations and transfer of its staff and equipment; and the fraudulent bookkeeping employed by the defendants.

3. Anthony Martinez
   c/o counsel

Subjects may include the The Gateway Development Group, Inc. ("Development") Shareholders' Agreement; Mr. Carnicelli's service as President of Development and his wrongful removal as President; the relationship between Mr. Carnicelli and John Fareri ("Mr. Fareri"), including Mr. Fareri's representations regarding Mr. Carnicelli's role at Development, his compensation, and his rights and privileges as a shareholder; Mr. Fareri's breach of his fiduciary duty to Development and related fraud; Development's operations, including various Projects (as defined and described in the Second Amended Complaint) and the transfer thereof; Development's compensation and fees; and the suspension of Development's operations and transfer of its staff and equipment.

4. Kevin Molnar
   c/o counsel

Subjects may include the The Gateway Development Group, Inc. ("Development") Shareholders' Agreement; Mr. Carnicelli's service as President of Development and his wrongful removal as President; the relationship between Mr. Carnicelli and John Fareri ("Mr. Fareri"), including Mr. Fareri's representations regarding Mr. Carnicelli's role at Development, his compensation, and his rights and privileges as a shareholder; Mr. Fareri's breach of his fiduciary duty to Development and related fraud; Development's operations, including various Projects (as defined and described in the Second Amended Complaint) and the transfer thereof; Development's compensation and fees; and the suspension of Development's operations and transfer of its staff and equipment.

5. Christopher Sheskier
   c/o counsel

Subjects may include the The Gateway Development Group, Inc. ("Development") Shareholders' Agreement; Mr. Carnicelli's service as President of Development and his wrongful removal as President; the relationship between Mr. Carnicelli and John Fareri ("Mr. Fareri"), including Mr. Fareri's representations regarding Mr. Carnicelli's role at Development, his compensation and his rights and privileges as a shareholder; Mr. Fareri's breach of his fiduciary duty to Development and related fraud; Development's operations, including various Projects (as defined and described in the Second Amended Complaint) and the transfer thereof; Development's compensation and fees; and the suspension of Development's operations and transfer of its staff and equipment; and the fraudulent bookkeeping employed by defendants.

6. Julienne Fareri Zielinski
   c/o counsel

Subjects may include the The Gateway Development Group, Inc. ("Development") Shareholders' Agreement; Mr. Carnicelli's service as President of Development and his wrongful removal as President; the relationship between Mr. Carnicelli and John Fareri ("Mr. Fareri"), including Mr. Fareri's representations regarding Mr. Carnicelli's role at Development, his compensation and his rights and privileges as a shareholder; Mr. Fareri's breach of his fiduciary duty to Development and related fraud; Development's operations, including various Projects (as defined and described in the Second Amended Complaint) and the transfer thereof; Development's compensation and fees; and the suspension of Development's operations and transfer of its staff and equipment; and the fraudulent bookkeeping employed by defendants.

7. Any witnesses identified by Defendants

**B. Rule 26(a)(1)(A)(ii) Disclosures: Documents and Things in Plaintiff's Control**

Plaintiff maintains the following categories of documents that he may use to support his claims:

1. Emails and other correspondence;
2. Contracts and change orders relating to the Projects;
3. Correspondence with Defendants;
4. Financial spreadsheets and analyses.

**C. Rule 26(a)(1)(A)(iii) Disclosures: Computation of Damages**

Plaintiff is in need of discovery to complete his computation of damages. In addition, Plaintiff's damages may be the subject of expert testimony and analysis.

Subject to the foregoing, Plaintiff states that his damages may include unpaid salary in the amount of $395,833.33, representing an anual base salary of $250,000, for the period from November 1, 2019 until May 25, 2021, the date that the bankruptcy petition was filed (571 days). Plaintiff may seek damages for twice the amount of unpaid salary pursuant to Connecticut General Statute § 31-72.

Plaintiff's damages also may include amounts reflecting his share of profits Development was not paid for completed works on numerous Projects and profits for Projects transferred away from Development, and for destruction of Plaintiff's interest in the value of Development. Plaintiff's damages may also include costs and attorneys' fees pursuant to statute.

Plaintiff refers to his Proof of Claim (Claim 4) filed in the underlying bankruptcy proceeding, which measures the amount due to him from Development at $299,014,189.55, and Plaintiff suggests all or some of these amounts may be due to him from Mr. Fareri as a result of Mr. Fareri's fraud and other tortious and unlawful conduct.

**Rule 26(a)(1)(A)(iv) Disclosures: Insurance Agreement in Force**

    Not applicable.

Dated:  July 11, 2022
          Stamford, Connecticut

                                          **PLAINTIFF,**
                                          **James Carnicelli, Jr.**

                                          By: */s/ Joseph M. Pastore III*
                                          Joseph M. Pastore III
                                          Melissa Rose McClammy
                                          Pastore LLC
                                          420 Lexington Ave
                                          Third Floor
                                          New York, NY, 10170
                                          Tel: (845) 667-5711
                                          Jpastore@pastore.net
                                          Mmcclammy@pastore.net

                                          **LEVITT LLP**

                                          By: */s/ Steven L. Levitt*
                                          Steven L. Levitt
                                          Trevor M. Gomberg
                                          129 Front Street
                                          Mineola, New York 11501
                                          Tel: (516) 248-9700
                                          slevitt@levittlawllp.com
                                          tgomberg@levittlawllp.com

                                          **DAVIDOFF HUTCHER & CITRON, LLP**

                                          By: */s/Robert L. Rattet,*
                                          Robert L. Rattet
                                          120 Bloomingdale Road
                                          White Plains, New York 10605
                                          Tel: (914) 381-7400
                                          rlr@dhclegal.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by electronic mail this 11th day of July, 2022 to:

Leonard Benowich, Esq.
Benowich Law, LLP
1025 Westchester Avenue
White Plains, NY 10604
(914) 946-2400
Fax : (914) 946-9474
Email: leonard@benowichlaw.com

Johanna G. Zelman, Esq.
Elizabeth M. Smith, Esq.
FordHarrison LLP
CityPlace II,
185 Asylum Street Suite 610
Hartford, CT 06103
Email: jzelman@fordharrison.com

Avery Samet
Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
212-490-4700
Email: asamet@aminillc.com
Email: jchubak@aminillc.com

Irve J. Goldman, Esq.
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06604
203-330-2000 (Tel.)
203-576-8888 (Fax)
igoldman@pullcom.com

                                                                         */s/ Joseph M. Pastore III*
                                                                          Joseph M. Pastore III