# EXHIBIT 4

# Jeffrey Chubak

| | |
|---|---|
| **From:** | Goldman, Irve J. <igoldman@pullcom.com> |
| **Sent:** | Monday, May 9, 2022 9:48 AM |
| **To:** | Avery Samet; Carlton Cabot; 'leonard@benowichlaw.com'; 'jzelman@fordharrison.com'; Howard P. Magaliff (hmagaliff@r3mlaw.com); 'eaisner@kacllp.com'; Joseph M. Pastore; Melissa McClammy; 'Steven L. Levitt'; Trevor Gomberg; 'Rattet, Robert L.'; Jeffrey Chubak |
| **Subject:** | RE: In re: Gateway Development Group, Inc. Adversarial Action, Case No. 21-7093-rdd, Discovery Conference 5.9.2022 |
| **Attachments:** | PretrialSchedulingOrder.DOCX |

Avery et al.:

The draft Scheduling Order circulated by Avery does not comport with Judge Drain's form. I am proposing an alternative form of order with proposed cutoff dates, which is attached.  Please review and let me know if you have a different view on the dates.  I am available for a planning conference any time this afternoon, but the Scheduling and Pretrial Order I have proposed fairly maps things out.

I do not understand why a response date of May 16 for the RFPs is too short.  They were served on April 4, so May 16 seems entirely reasonable.  While counsel for Mr. Carnicelli has asked on several occasions for an available date for a discovery conference with the Judge, they have completely ignored my proposal for a resolution that was circulated by email last Thursday.  You should bear in mind that under Judge Drain's form Scheduling and Pre-Trial Order, at any discovery conference regarding a discovery dispute, "the Court will ask the parties about their prior efforts to resolve the dispute."

If you wish to go into a discovery conference without discussing what I have proposed – both on Thursday, May 5 and by this email – then I would be available tomorrow at 2:30 pm, or on Wed. or Friday of this week, for a discovery conference.

**Irve J. Goldman**
Attorney

**Pullman & Comley LLC**
850 Main Street  P.O. Box 7006
Bridgeport, CT 06601-7006
T 203 330 2213  •  F 203 576 8888
igoldman@pullcom.com  •  www.pullcom.com

**V-card**  •  **Bio**  •  **Directions**



BRIDGEPORT   HARTFORD   SPRINGFIELD   STAMFORD   WATERBURY   WESTPORT   WHITE PLAINS

**Please consider the environment before printing this message.**

THIS MESSAGE AND ANY OF ITS ATTACHMENTS ARE INTENDED ONLY FOR THE USE OF THE DESIGNATED RECIPIENT, OR THE RECIPIENT'S DESIGNEE, AND MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL OR PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE (1) IMMEDIATELY NOTIFY

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
In re                                            :    Chapter 7
                                                 :
THE GATEWAY DEVELOPMENT GROUP, INC.,             :    Case No. 21-22304-rdd
                                                 :
         Debtor                                  :
------------------------------------------------------------x
HOWARD P. MAGALIFF, TRUSTEE and                  :
JAMES CARNICELLI, JR.                            :
                                                 :
                                                 :    Adversary Proceeding
         Plaintiffs,                             :    No. 21-7093
   v.                                            :
                                                 :
JOHN J. FARERI, JULIE FARERI, and                :
CHRISTOPHER SHESKIER,                            :
                                                 :
         Defendants                              :
------------------------------------------------------------x
```

## SCHEDULING AND PRE-TRIAL ORDER

**The parties cannot amend this order by stipulation or otherwise, and the Court will not amend it unless presented with (i) proof of cause beyond the control of the party seeking amendment and (ii) timely application as soon as possible after the party seeking amendment learns of the cause. FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTION. If delay or other act or omission of your adversary may result in a sanction against you, it is incumbent on you to promptly bring this matter to the Court for relief.**

It is hereby ORDERED as follows:

1. Plaintiff, James Carnicelli, Jr. shall file and serve a Reply to Defendants' Counterclaim filed on April 12, 2022 on or before May 16, 2022.

2. On or before May 16, 2022, Defendants shall file the statement required by Fed. R. Bankr. P. 9027(e)(3) that they do or do not consent to entry of final orders or judgments by this Court.

3. All discovery shall be completed by October 21, 2022. In the event of a dispute over discovery, the parties' counsel shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, they shall promptly inform the Court by letter of the nature of the dispute and request a telephonic discovery conference. At the

conference, the Court will ask the parties about their prior efforts to resolve the dispute.

4. Expert Discovery:

   i. Deadline to Designate Initial Experts. June 15, 2022 shall be the deadline by which parties must designate experts and the subject of each expert's testimony.

   ii. Deadline to Submit Initial Expert Reports. July 29, 2022 shall be the deadline by which parties must submit affirmative expert reports. These reports must satisfy the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) (made applicable by Bankruptcy Rule 7026).

   iii. Deadline to Designate Additional Experts for Rebuttal. August 22, 2022 shall be the deadline by which parties must designate any rebuttal experts and the subject of each rebuttal expert's testimony.

   iv. Deadline to Submit Rebuttal Expert Reports. September 16, 2022 shall be the deadline by which parties must submit rebuttal expert reports. These reports must satisfy the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) (made applicable by Bankruptcy Rule 7026).

5. Either or both parties may seek leave under the Local Bankruptcy Rules to move for summary judgment under Fed. R. Bankr. P. 7056 after completion of discovery and before taking the steps set forth in paragraphs 3-6 below. If such request is granted, the parties shall schedule the adjourned pre-trial conference to take place approximately one month after the scheduled hearing on summary judgment.

6. The Court will hold a final pretrial conference on _____ ____, _____ at 10:00 A.M. (unless a party has previously obtained permission under the Local Bankruptcy Rules to move for summary judgment, which motion shall be heard at that date and time), <u>at which time the parties must be prepared to proceed to trial within two weeks</u>.

7. In advance of the final pretrial conference, the parties shall have conferred and used their best efforts to agree on a joint exhibit book and shall have identified any exhibits whose admissibility is not agreed.

8. In addition, on or before two weeks before the final pretrial conference, the parties shall have exchanged proposed witness lists.

9. On or before one week before the scheduled trial date, the parties shall (a) submit to chambers declarations under penalty of perjury or affidavits of their direct witnesses, who shall be present at trial for cross-examination and redirect, or have sought the Court's permission to examine direct witnesses at trial and (b) submit to chambers the joint exhibit book referred to in paragraph 4 hereof.

Dated: White Plains, New York
_____ \_, _____

                                                **Hon. Robert D. Drain**
                                                **United States Bankruptcy Judge**