



Avery Samet  
MEMBER NY BAR

212.497.8239  
asamet@aminillc.com

August 2, 2022

**By Email**

Joseph M. Pastore III  
Pastore LLC  
4 High Ridge Park, 3rd Floor  
Stamford, CT 06905

Re: Carnicelli, Jr. et al v. Sheskier et al, 21-ap-7093

Dear Mr. Pastore:

We write to object to the subpoena you issued to Fred Stevens, the court-appointed examiner in In re Gateway Kensington, LLC, No. 21-bk-22274 (SHL).

## GENERAL OBJECTIONS

Defendants object to each request on the ground that courts have held examiners "should be immune from outside discovery requests" given inter alia the fiduciary nature of an examiner's role and examiner's status as a quasi-judicial officer. *United States of America v. Kenneth Rice, et al.*, No. r:03-cr-00093 (S.D. Tex. 2003) [Dkt. 250] (quoted in Dennis J. Connolly and David A. Wender, "Investigating the Investigations," 050806 ABI-CLE 444 (2006)). *See also In re Baldwin United Corp.*, 46 B.R. 314, 317 (Bankr. D. Ohio 1985) ("The Examiner shall not disclose, identify or produce any document or item in his possession which was obtained or generated pursuant to or in connection with his investigation in these cases to any other person or entity without the approval of this Court or the [District Court]"). Defendants take particular objection to the requests insofar as they seek documents designated confidential under the enclosed confidentiality stipulation. Messrs. Fareri and Carnicelli relied on said stipulation in producing documents to the examiner and submitting to interviews by him (Examiner's Report at 30), and the requests seek to upset those confidentiality expectations. Moreover, the examiner's final fee application was granted months ago [Dkt. 156] and Gateway Kensington, LLC's chapter 11 plan has since been confirmed [Dkt. 175], without any amount having been budgeted for him or it to litigate the document subpoena Mr. Carnicelli has now served in an adversary proceeding associated with a different bankruptcy case, that of The Gateway Development Group, Inc.

Defendants also object on the ground that each request seeks "all documents" concerning or related to various matters. Such requests do not seek "designated documents" as required by Rule 45(a)(1)(A)(ii) and lack reasonable particularity. These requests also impose an undue burden insofar as relevant information can be obtained from a subset, or from Defendants or from the Trustee, who is in custody of Gateway's emails and documents.

## **SPECIFIC OBJECTIONS**

Request #1:

All documents concerning or relating to any payments made by The Gateway Development Group, Inc. ("Development") to James Carnicelli, Jr. or John J. Fareri from 2014 to present.

Response:

In addition to the general objections, Defendants object to this request on the ground that it would impose an undue burden, in that Defendants previously produced Gateway's tax returns, general ledger and bank accounts to Mr. Carnicelli which reflect all payments made to him or Mr. Fareri. Defendants also object on the ground that this request is not relevant to Plaintiffs' claims, the gravamen of which is that Mr. Fareri transferred projects to affiliates beginning October 2019 after Mr. Carnicelli left Development, and payments made by Development to him or Mr. Fareri (let alone payments from 2014-present) have no bearing on the matter.

Request #2:

All documents concerning the termination of James Carnicelli Jr.'s service as president of Development.

Response:

In addition to the general objections, Defendants object to this request on the ground that it incorrectly presumes Mr. Carnicelli was terminated, which the Examiner's Report acknowledges (at 9) is a disputed fact question. Defendants also object on the ground that examiner made clear that the termination of Mr. Carnicelli's employment was "not material to the Investigation" (id.). Defendants also object to the extent this request seeks documents designated confidential under the enclosed confidentiality stipulation.

Request #3:

All documents concerning the suspension or cessation of Development's operations.

Response:

In addition to the general objections, Defendants object to this request on the ground that the examiner made clear that the suspension or cessation of Development's operations were "not material to the Investigation" (Examiner's Report at 9). Defendants also object on the ground that the request is vague, and also overbroad insofar as it requests "all documents" and does not identify "designated documents." Defendants also object to the extent this request seeks documents designated confidential under the enclosed confidentiality stipulation.

Request #4:

>All transcripts from all depositions of interested parties, taken by you, over the course this matter including but not limited to, depositions taken of the following:
>a. Development, through John J. Fareri;
>b. John J. Fareri individually; and
>c. Christopher Sheskier.

Response:

In addition to the general objections, Defendants object to this request on the ground that the transcripts of the examiner's depositions/interviews of Messrs. Fareri and Sheskier are designated confidential under the enclosed confidentiality stipulation. *E.g. In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993) (limiting discovery of examiner given protective order); *Anderson News, L.L.C. v. Am. Media, Inc.*, No. 09-cv-2227, 2013 WL 3833036 (S.D.N.Y. July 22, 2013) (denying request to compel disclosure of examiner's interviews of corporate executives, and all documents concerning their discussions, for similar reasons).

Request #5:

>All documents related to any withdrawals from the New York State Tax Amnesty Program, including but not limited to the documents produced to you on January 4, 2022 as set forth in Footnote 25 of the Examiner's Report.

Response:

In addition to the general objections, Defendants object to this request on the ground that it is not relevant to Plaintiffs' claims, the gravamen of which is that Mr. Fareri transferred projects to affiliates beginning October 2019 after Mr. Carnicelli left Development. Any withdrawals from the referenced state tax amnesty program are not relevant to this matter. Indeed, the withdrawal alleged is not even mentioned in the complaint.

Request #6:

>All documents concerning or relating to any of the below construction projects ("Project"), including documents detailing loans or benefits of any kind requested or received by any party in connection with any such Project:
>a. North 80 Project f/k/a North 60 Project, centrally located in the Town of Mount Pleasant, New York
>b. 3030 Westchester Avenue, Purchase, New York
>c. 415 Greenwich Street, New York, New York
>d. 16 Old Track Road, Greenwich, Connecticut
>e. The Harbour
>f. 1162 East Putnam Avenue, Greenwich, Connecticut
>g. 124 Temple Street
>h. The Goshen Plaza, located in Goshen, New York
>i. The Greenwich Office Park, located at 51 Weaver Street, Greenwich, Connecticut 06831

> j. The Project located at 415 Greenwich Ave, Greenwich, Connecticut 06830
> k. The Project located at 1162 East Putnam Avenue, Greenwich, Connecticut 06510
> l. The Project located at 124 Temple Street, New Haven, Connecticut 06510
> m. The Project located at 585 West Putnam Avenue, Greenwich, Connecticut 06830
> n. The Project located at 500 West Putnam Avenue, Greenwich, Connecticut 06830
> o. The Project located at 240 Greenwich Avenue, Greenwich, Connecticut 06830.

Response:

In addition to the general objections, Defendants object to this request the extent it seeks documents that are not relevant to Plaintiffs' claims, the gravamen of which is that Mr. Fareri transferred projects to affiliates beginning October 2019 after Mr. Carnicelli left Development. Many of the projects listed in the request did not belong to the Debtor or were never transferred, or are not even identified in the complaint. And such claims in relation to projects other than Kensington are "outside the scope of the Examiner's Investigation." (Examiner's Report at 20.)

Request #7:

> All documents that you received from John J. Fareri or Christopher Sheskier either directly or through their counsel which were provided to you in anticipation of your preparation of the Examiner's Report.

Response:

In addition to the general objections, Defendants object to this request to the extent it seeks documents that are not relevant to Plaintiffs' claims, the gravamen of which is that Mr. Fareri transferred projects to affiliates beginning October 2019 after Mr. Carnicelli left Development. As noted above, such claims against Mr. Fareri in relation to projects other than Kensington are "outside the scope of the Examiner's Investigation." (Examiner's Report at 20.) This request speculates without basis that some portion of documents produced are relevant to Plaintiffs' claims and inappropriately asks the examiner to identify and produce such portion notwithstanding the requirement that the subpoena issuer identify "designated documents" within the scope of discovery under Rule 26(b)(1). Defendants also object to the extent this request seeks documents designated confidential under the enclosed confidentiality stipulation.

Request #8:

> All documents upon which you relied in the preparation of the document entitled "Report of Fred Stevens, Examiner, Dated January 25, 2022" (the "Examiner's Report") which was filed on January 25, 2022 in the In re: Gateway Kensington, LLC Bankruptcy, Case No. 21-22274 (SHL)

Joseph M. Pastore III
Page 5

Response:

In addition to the general objections, Defendants object to this request to the extent it seeks documents that are not relevant to Plaintiffs' claims, the gravamen of which is that Mr. Fareri transferred projects to affiliates beginning October 2019 after Mr. Carnicelli left Development. As noted above, such claims against Mr. Fareri in relation to projects other than Kensington are "outside the scope of the Examiner's Investigation." (Examiner's Report at 20.) This request speculates without basis that some portion of documents produced are relevant to Plaintiffs' claims and inappropriately asks the examiner to identify and produce such portion notwithstanding the requirement that the subpoena issuer identify "designated documents" within the scope of discovery under Rule 26(b)(1). Defendants also object to the extent this request seeks documents designated confidential under the enclosed confidentiality stipulation.

Very truly yours,

/s/ Avery Samet

Enclosure

cc: Fred Stevens

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IN RE:                                                                           CHAPTER 11

GATEWAY KENSINGTON, LLC,                     CASE NO. 21-22274 (RDD)

                     DEBTOR.
-----------------------------------------------------------------x

## CONFIDENTIALITY AGREEMENT AND ORDER

WHEREAS, Fred Stevens was appointed Examiner by Notice dated October 4, 2021 [Dkt. 77], which appointment was approved by order of this Court dated October 4, 2021 [Dkt. 79] with the powers and duties set forth in the Order dated September 27, 2021 [Dkt. 69]; and

WHEREAS, the Examiner has served on John Fareri ("Fareri") his "Initial Request for the Production of Documents;" and

WHEREAS, the documents sought to be produced by Fareri contain confidential and proprietary information (including but not limited to tax returns) that Fareri has not publicly disseminated and which he desires not be publicly disseminated; and which he is producing to the Examiner on the express condition that the information and documents produced by him and designated "Confidential" (a) shall not be disclosed to any person, entity or party other than the Examiner and his counsel, and (b) shall not be included in or referenced in any report prepared by the Examiner or his counsel, except with the express written consent of Fareri or his undersigned counsel;

IT IS HEREBY STIPULATED AND AGREED, that

1.     Fareri may designate material or information produced by him as "Confidential" ("Confidential Information") when it is, consistent with § 107(b)(1) of the Bankruptcy Code and other applicable law, of such a private nature that Fareri reasonably believes, in good faith, that

1

the public disclosure of such Confidential Information would result in oppression, undue burden, or invasion of privacy to Fareri or to non-parties with whom Fareri has a special relationship of trust and confidence. No Confidential Information may be disclosed to any other party, person or entity, other than those partners, associates, employees, agents and advisors of the Examiner who have a need to know such information in connection with the Examiner's duties and who have agreed to maintain the confidentiality thereof in accordance herewith, without the express written consent of Fareri or his undersigned counsel or as provided in paragraph 3.

2. The obligations contained in this agreement shall not apply to Confidential Information which (i) is required by applicable law, the rules and regulations of any governing securities exchange or by order of a court of competent jurisdiction to be disclosed; provided, however, the Examiner provides Fareri prompt written notice upon learning of such disclosure requirement and, to the extent practicable, a reasonable opportunity prior to the disclosure to allow Fareri to seek a protective order; (ii) is or becomes a matter of public knowledge other than as a result of any breach of the Examiner's obligations hereunder; (iii) was known by the Examiner prior to its disclosure thereof by Fareri, as evidenced by prior documentation thereof, provided that the source of such information was not under any obligation of confidentiality to Fareri in respect thereof to the best of the Examiner's knowledge; (iv) is independently developed by the Examiner, as evidenced by independent documentation; or (v) is disclosed to the Examiner on a nonconfidential basis by a third party who, to the best of the Examiner's knowledge, is under no obligation of confidentiality to the Fareri.

3. In the event that the Examiner desires to:

    (a) reference or incorporate any of Fareri's Confidential Information in the Examiner's Report;

(b) reference, incorporate or question any person or entity other than Fareri with respect to or using any of Fareri's Confidential Information at a deposition, examination or interview; or

(c) reference, incorporate or question any witness with respect to or using any of Fareri's Confidential Information at a deposition, examination or interview at which any person or entity other than the Examiner (and his counsel) and Fareri (and his counsel) are present;

the Examiner shall first make a written request on Fareri's undersigned counsel for permission to do so, which request shall identify the specific materials or information sought to be used by the Examiner. If Fareri or his counsel decline to consent to the Examiner's request, which they may do so in their sole but reasonable discretion, the Examiner may not make any such use of the Confidential Information or material until he has been permitted to do by Court order, made on an application on notice to Fareri which does not reveal or disclose the substance of the Confidential Information sought to be used by the Examiner.

4. Fareri or his counsel may designate deposition, examination or interview exhibits or portions of any transcripts as Confidential.

5. In the event the Examiner seeks or obtains permission to use or incorporate any of Fareri's Confidential Information in his Report, he shall file a redacted copy of the Report ("Confidential Report") via the Electronic Case Filing System, and shall provide the Court with an unredacted copy of the Confidential Report by email.

6. Each person who has access to Confidential Information must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material or information.

7. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: November 24, 2021

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS LLP

By /s/ Fred Stevens

Attorneys for the Examiner

BENOWICH LAW, LLP

By /s/ Leonard Benowich

Attorneys for John Fareri

SO ORDERED.

_____
Hon. Robert D. Drain