1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   Case No. 21-22304-shl

4   Adv. Case No. 21-07093-shl

5   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

6   In the Matter of:

7

8   THE GATEWAY DEVELOPMENT GROUP, INC.,

9

10          Debtor.

11  - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12  CARNICELLI, JR., et al.,

13               Plaintiffs,

14          v.

15  SHESKIER, et al.,

16               Defendants.

17  - - - - - - - - - - - - - - - - - - - - - - - - - - - x

18

19               United States Bankruptcy Court

20               300 Quarropas Street, Room 248

21               White Plains, NY 10601

22

23               November 8, 2023

24               10:26 AM

25

1    B E F O R E :

2    HON SEAN H. LANE

3    U.S. BANKRUPTCY JUDGE

4

5    ECRO:   ART

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    HEARING re Status Conference Re: Doc. #61 Notice Of Proposed

2    Order Remanding Proceeding To Superior Court, State of

3    Connecticut

4

5    HEARING re Status Conference Re: Doc. #65 Objection To

6    Proposed Order Filed On Behalf Of John J. Fareri, Julie

7    Fareri, Christopher Sheskier

8

9    HEARING re Status Conference Re: Doc. #66 Letter Regarding

10   Objection Filed ON Behalf Of James Carnicelli Jr.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Sonya Ledanski Hyde

```
 1   A P P E A R A N C E S :

 2

 3   R3M LAW, LLP

 4        Attorneys for the Trustee

 5        335 Madison Avenue, 9th Floor

 6        New York, NY 10017

 7

 8   BY:  HOWARD P. MAGALIFF

 9

10   PASTORE DAILEY LLC

11        Attorneys for James Carnicelli Jr.

12        4 High Ridge Park, 3rd Floor

13        Stamford, CT 06905

14

15   BY:   JOSEPH M. PASTORE III

16

17   AMINI LLC

18        Attorneys for the Defendants

19        131 West 35th Street, 12th Floor

20        New York, NY 10001

21

22   BY:  JEFFREY CHUBAK

23

24

25
```

1    PULLMAN COMLEY

2         Attorneys for Howard Magaliff, Trustee

3         850 Main Street

4         Bridgeport, CT 06604

5

6    BY:  IRVE GOLDMAN

7

8    DAVIDOFF HUTCHER CITRON LLP

9         Attorneys for James Carnicelli, Jr.

10        650 Third Avenue

11        New York, NY 10158

12

13   BY:  JAMES B. GLUCKSMAN

14

15   AMINI LLC

16        Attorneys for the Defendants

17        131 West 35th Street, 12th Floor

18        New York, NY 10001

19

20   BY:  AMERY SAMET

21

22

23

24

25

1    ALSO PRESENT TELEPHONICALLY:

2

3    JAMES E. CARNICELLI, JR.

4    MELISSA ROSE MCCLAMMY

5    ROBERT LESLIE RATTET

6    UDAY GORREPATI

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2              THE COURT:  All right.  The next case is the

3    Gateway Development Group, Inc., a Chapter 7.  More

4    particularly, the adversary proceeding 21-7093, Carnicelli,

5    Jr., et al.

6              So, we are here because there was an objection

7    filed to a proposed order.  And so, let me find out who is

8    here on behalf of the parties who submitted the original

9    proposed order.

10             MR. PASTORE:  Good morning, Your Honor.  Joseph

11   Pastore, and my firm represents Mr. Carnicelli.

12             THE COURT:  All right.  And on behalf -- anybody

13   else on that side of the equation who wants to enter an

14   appearance, and then I'll get the folks on the other side.

15             MR. GOLDMAN:  Your Honor, Irve Goldman, formerly

16   (indiscernible) representing the Trustee, Howard Magaliff.

17   Good morning.

18             THE COURT:  Good morning.  All right.  And then --

19             MR. GLUCKSMAN:  (Indiscernible) James Glucksman,

20   for Carnicelli.

21             THE COURT:  Oh.  And let me find out who's here on

22   behalf of the folks who objected.

23             MR. SAMET:  Good morning, Your Honor.  Avery Samet

24   and my colleague Jeffrey Chubak, on behalf of the three

25   Defendants.  And we put in a limited objection, yes.

1          THE COURT:  All right.  So, let me just, in the

2     interest of fairness, sort of tell you where I'm coming from

3     because I don't want to surprise anybody.  I really thought

4     about editing the order and just entering it.  But I don't

5     want the record to be unclear.  Lack of clarity is not a

6     benefit for anybody.  And it's just more efficient.

7          So -- but I will tell you where I'm starting from

8     is we have a rule for that.  Right?  And the reason we have

9     a rule is so we avoid having to bring our hands in these

10    circumstances, which is if we have authority to issue an

11    order, then we have authority.  And if we don't, it's

12    considered a court recommendation, and any appeal then that

13    might be, of that order, would then be considered, or a

14    court recommendation that the district court is laying in

15    on.  And so, we all know how to do that drill.

16          And since this issue wasn't raised in our very

17    lengthy extensive briefing and hearing, I really didn't

18    expect it to be an issue in this order.  And I really loathe

19    to inject it now because it feels, it just doesn't feel

20    appropriate.

21          So, again, Mr. Samet, I wanted to let you know

22    where I'm coming from, just in the interest of full

23    disclosure, that you're sledding uphill.  So, with that, Mr.

24    Samet, I'll start with you.

25          MR. SAMET:  Thank you, Your Honor.  And I

1    appreciate that.  You know, this is a complicated issue of

2    federal jurisprudence, and I think it's reflected in Your

3    Honor's decision.  Just to address exactly what Your Honor

4    just said, Your Honor, we filed a notice in this case,

5    Docket Number 36.  We said we object entering any final

6    order (indiscernible) in this proceeding.

7              THE COURT:  No, but -- wait.

8              MR. SAMET:  That's what it says.

9              THE COURT:  Wait, say that again.

10             MR. SAMET:  At Docket 36 -- let me see if I can --

11   we objected to this Court's entry of final orders in this

12   proceeding.  I can -- hold on.  If I can do this do this

13   (indiscernible), Your Honor.

14             THE COURT:  But why doesn't the rule solve the

15   problem?  One of the reasons for the rule is so that we

16   don't spend a lot of time hammering on an issue -- I'm not

17   saying it's not important, but that nobody wants to write,

18   in every case where this could potentially could be

19   implicated, nobody wants to write the law review article on

20   the niceties of it here.  And so, I'm not sure how your

21   client would in any way be damaged given the existence of

22   the rule, which the District Courts frankly, you know,

23   they're very conversant with this, and I think they feel

24   very comfortable.

25             And I've seen countless things go up to them,

1    where they parse through that, you know, with aplomb and

2    expeditiously, before moving onto whatever the issues are.

3              So, I just don't know -- you know, I mean, I could

4    -- so, the way to respond to that is to say let's put in the

5    order, say to the extent it's an important recommendation,

6    it's an important recommendation, to the extent the Court

7    has authority, it's a final order.  But that's what the rule

8    says.  And that's why we don't hash it out in every one of

9    these --

10             MR. SAMET:  That's fine.  And maybe I

11   misunderstood Your Honor.  I don't have a problem with that.

12   I will tell Your Honor that in the cases that are, have been

13   cited, and (indiscernible) -- we looked at the case.  It is

14   the procedure to fix it.  I think the reason for that is to

15   make sure that the District Court does have an opportunity

16   to rule on it.  Maybe we're right.  Maybe we're wrong.

17   Maybe it doesn't matter.  That's the only thing that we --

18             THE COURT:  I mean, I don't want to -- again, it

19   sort of does get back to the ruling, which is you filed, I

20   think, saying you don't want the Bankruptcy Court to be the

21   place where the ultimate judgment is rendered.  It really

22   does mystify me as to why you desperately want to stay here.

23   But we've talked about that already.  So, putting that to

24   the side, that's fine.  The rule that we have to address

25   this issue is designed to be fair and even minded, preserve

1   everybody's rights, but to allow the Court to not have to

2   essentially write separate decisions on this issue that are

3   very interesting.

4           But it took me a while frankly to get to a

5   decision, because it was interesting enough.  And so, I

6   really don't want to delay things any further by essentially

7   putting on my law review article hat and addressing it.  The

8   District Court will handle it with dispatch.  If you're

9   right, you're right.  And that's fine.  So, I don't see how

10  the existing proposed order in any way impacts your -- the

11  rights of your clients negatively.

12          MR. SAMET:  And that, well, if I may just, well,

13  (indiscernible) questions also (indiscernible) procedural

14  matter, we have to tell the Bankruptcy Clerk what we're

15  doing.  And so, if the order said, you know, the District

16  Court, well, just quoted the 933 -- the rule which Your

17  Honor referenced.  And Your Honor is right.  That's already

18  the law.  We still have to file either an objection pursuant

19  to (indiscernible) --

20          THE COURT:  Well, yeah, but you do that and then

21  the District Court construes it under the rule and

22  applicable case law as it thinks it should properly be

23  construed.

24          MR. SAMET:  As long as we have our ability to do

25  it, Your Honor, we make this objection because other judges

1  in this district have addressed it at this stage.  And so,

2  (indiscernible) --

3            THE COURT:  All right.  I guess I'm just -- yeah,

4  I don't think that your rights are in any way implicated.

5  That's the point of the rule.  It's one of these rules -- I

6  will just bore you for a second.  Not to sound too pedantic.

7  But occasionally, we get -- we enter a rule, because we find

8  that there is an issue that doesn't necessarily add a whole

9  lot to the proceedings in what is the trial court, other

10 than delay and an additional thing to get through, when in

11 fact that is better sent to the District Court that is going

12 to be dealing with that issue anyway.

13           So, but we also deal with things like -- we got

14 rid of the need for bridge orders.  Because we kept having

15 fire drills for bridge orders in large 11s, when you have an

16 exclusivity runout or some other deadline pass.  And we're

17 not -- again, the reason why I mention it is because in all

18 these circumstances, we're not trying to negatively impact

19 anybody's substantive rights.  We're trying to say as a

20 routine matter, in these circumstances, your rights are

21 preserved.

22           So, just, that's -- I just want to make it clear.

23 I understand -- I remember having clients.  And I get it.

24 So, but I think the rule does that.  And I think the idea of

25 what, for you to do, I think is you do what you -- I think

1    you're supposed to.  But I think the rule preserves your

2    rights.  That's my sense of it.

3              MR. SAMET:  Thank you, Your Honor.  As long as I

4    have that right to go to District Court reserved, I'm

5    satisfied.  Thank you.

6              THE COURT:  All right.  Anybody on the other side

7    of this issue wish to be heard?

8              MR. GOLDMAN:  May I be heard, Your Honor?  Irve

9    Goldman.

10             THE COURT:  Sure.

11             MR. GOLDMAN:  Yeah, I'm reluctant to just what has

12   been proposed past, without voicing some objection because I

13   think it really is going to promote collateral litigation

14   over whether this is, should be presented as proposed

15   findings or not.

16             THE COURT:  Well, and that seems to be the name of

17   the game in this particular case.  Is there's a lot of

18   collateral litigation.  Again, I'm not a settlement judge.

19   But I would urge the parties to just allow the case to get

20   to the merits.  And again, I'm sorry it took me so long to

21   get you a decision.  It does show that you have lots of

22   interesting issues.

23             But interesting, we know, in Bankruptcy Court, we

24   always see the S's as dollar signs.  It's expensive.  But I

25   guess we are where we are.  So, Mr. Goldman, what do you

1    want to do?  I'll make a ruling.  That's fine.  I'll take it

2    under advisement.  And I'll make a ruling.  And I'll get you

3    an answer in the next two weeks.

4              MR. GOLDMAN:  Your Honor, I really think that

5    would be the way to go here because I think we're going to

6    be at it longer if --

7              THE COURT:  Well, at a certain point, I don't

8    care.  I mean, I was in court yesterday from 8:00 to 5:00

9    with a 15-minute break.  I have a lot of things going on.

10   And at a certain point, I'm trying to move the line forward.

11   That's part of my job.

12             And so, but if parties insist on a ruling, that's

13   fine.  You've filed.  He filed his objection.  You filed

14   your response.  I'll make a ruling.  Frankly, I think it is

15   a waste of my time, and I think it is a waste of all of your

16   time.  But if that's the way it goes, then that's what I'll

17   do.

18             MR. GOLDMAN:  Well, I want to -- my inclination is

19   defer to Your Honor's.

20             THE COURT:  No, listen.  Again, you have clients.

21   But the clients, if left to their own devices, I think it's

22   pretty clear, are going to fight.  And that's what they've

23   been doing.  And I think there was a brief shining moment

24   when everybody thought we'd agreed on a forum.  But you've

25   spent a tremendous amount of time on forum issues that are

1    interesting, and therefore judges can't glibly rule on them.

2            But it's, the clients are fiddling while Rome

3    burns.  And they're just -- but it's their money.  So, I --

4    but you know, to the extent that the estate is involved,

5    it's the money of other creditors too.  And it is

6    frustrating.  But again, sometimes, you know, I'm the option

7    of last resort.  So, I'm the blunt instrument.  So, I'll do

8    what has to be done.

9            MR. GOLDMAN:  So, well, Your Honor, so, if we can

10   explore this a little further, so maybe we can better --

11           THE COURT:  But I have essentially a small brief

12   on the issue.  You've said what you're going to say.  I

13   don't know how much more I want to explore it frankly.  But

14   is there any argument that wasn't raised in your letter

15   brief?

16           MR. GOLDMAN:  No, Your Honor, what I was

17   suggesting we explore further is the idea, the

18   (indiscernible) proposal because I want to make sure I

19   understand what was proposed.

20           THE COURT:  I'm not, it's the rule.  So, here's

21   what we're doing.  You all consult with your clients, and

22   you will send me each a one sentence letter.  And it will

23   tell me whether you've reached an agreement on what to do,

24   or whether you need me to make a ruling.  And if you need me

25   to make a ruling, I promise to do it as quickly as I can.

1  But I will say I also have cases -- and this is why it took

2  so long in the first place.  I have cases in real time that

3  require attention.

4          And we probably have gotten, you know, five new

5  cases in the last 30 days.  And again, I won't bore you with

6  -- I shouldn't bore you with all the things I have to do

7  because I know you could bore me with the things you have to

8  do.  But that's, I just, you know, I'll get it done

9  promptly.  And just give me, in 48 hours, one sentence.

10  That's all I need.  And again, you have the right to ask for

11  you what you want me to do.  That's fine.  And again, I

12  recognize I'm stepping into the history of a parties

13  dispute.  And you know, some cases are just like that.

14  Parties want to fight about everything.  So, at a certain

15  point it becomes -- and I suspect it is in this case --

16  whatever the other side wants, I automatically don't want

17  that.

18          So, but again, that's fine.  So, just let me know.

19  And I'm happy to make a ruling, unless you have something

20  that you both agree upon.

21          MR. GOLDMAN:  Thank you, Your Honor.  We'll try to

22  work it out, Your Honor.  Thanks a lot.

23          THE COURT:  Yeah, thank you.

24          MR. MAGALIFF:  Your Honor, can I add one thing?

25          THE COURT:  All right, Mr. Magaliff?  Yeah, go

1    ahead.

2         MR. MAGALIFF:  Howard Magaliff, Trustee.  Just an

3    observation, Judge.  I don't know if Mr. Samet is intending

4    to ultimately appeal remand or if this is just, you know,

5    standing on procedural ceremony so that the proceedings get

6    delayed.  But it seems to me that if he's intending to

7    appeal remand, he can also appeal the entry of your order.

8    So, I would simply ask that you just enter the order on the

9    remand.  And if he's going to appeal, he appeals.  And if he

10   doesn't, we'll move onto the merits in Connecticut.  That's

11   all.

12        THE COURT:  All right.  Well, I'll give you 24

13   hours to change your mind.  Otherwise, I'll go that route.

14        MR. SAMET:  Yeah, and Your Honor, this is Avery

15   Samet.  That's what I understood Your Honor had proposed to

16   me, that our rights are preserved with it.  And that's what

17   I understood at the outset of this.

18        THE COURT:  Yeah, that's what the rule says.  I

19   mean, that's why, you know, in terms of negotiating a

20   proposal, there is no proposal.  I'm just telling you what

21   the rule says.  You know, and as you know, we don't have

22   that many local rules.  So, when we have a local rule, the

23   court has gotten together and said, damn, that's a good

24   idea, so we can avoid problems and inefficient litigation.

25   So, that's why I point it out.

1          So, it's not a negotiation.  I'm not, you know, if

2     you've ever seen The Fugitive, I'm the Tommy Lee Jones guy.

3     I don't negotiate.  So, I don't bargain.

4          So, I'm just telling you what the rules are.  Ana

5     again, that's fine.  I understand you're all (indiscernible)

6     advocating on behalf of your client.  That's all fine, well

7     and good.  And I appreciate that.  And you're all very good

8     at your job.  So, I will approach it that way unless

9     somebody tells me otherwise in the next 24 hours in a one

10    sentence letter.  And that one sentence letter would just be

11    asking for a ruling on the dueling issues.

12          But with that, I wish you all a very Happy

13    Thanksgiving to you and your families and be well.

14          MR. GOLDMAN:  Thank you.

15          MR. MAGALIFF:  Thank you, Your Honor.

16          MR. SAMET:  Thank you, Your Honor.

17

18

19

20

21

22

23

24

25

1          C E R T I F I C A T I O N

2

3          I, Sonya Ledanski Hyde, certified that the foregoing

4                                              cord of the proceedings.

5

6

7

8     Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20     Veritext Legal Solutions

21     330 Old Country Road

22     Suite 300

23     Mineola, NY 11501

24

25     Date:  November 16, 2023